107 So.2d 38 (1958)
Burt John MASON, Appellant,
v.
Anna REMICK, Appellee.
No. 702.
District Court of Appeal of Florida. Second District.
November 26, 1958.
Nelson, Linney & Nelson, St. Petersburg, for appellant.
Kaleel & Kaleel, St. Petersburg, for appellee.
TERRY B. PATTERSON, Associate Judge.
This cause is here on appeal from a summary judgment for defendant entered in the Civil and Criminal Court of Record of Pinellas County.
The cause of action in which the judgment was entered arose out of an intersection collision in St. Petersburg between plaintiff, travelling south on 12th Street and defendant travelling west on 17th Avenue. Twelfth Street is a through street protected by official "Yield right of way" signs on 17th Avenue. Such signs are provided by ordinance of the City of St. Petersburg which requires that vehicles when facing such a sign shall yield the right of way to all vehicles approaching from right or left on the intersecting street, which are so close as to constitute an immediate hazard.
The summary judgment was entered solely on plaintiff's deposition in which he admitted that he did not look in the direction from which defendant appeared *39 after he, the plaintiff, had approached within "maybe 10 or 20 feet" of the intersection and that he did not actually see defendant's car until the collision. Whether defendant had stopped prior to entering the intersection or how fast defendant entered the intersection is not settled one way or the other by the deposition. Plaintiff contends in his deposition that defendant entered the intersection so fast that plaintiff did not have an opportunity to see the defendant prior to the impact.
The summary judgment was entered upon the ground that a motorist is charged with seeing what is plain to be seen and is guilty of negligence if he fails to use his faculties to see what is plainly observable by the ordinary use of the faculty of vision.
We think it was error to enter summary judgment in this case. Plaintiff's deposition establishes that he was travelling on a through street and under the ordinance had the right of way over defendant. While still under the obligation to use reasonable care and caution to avoid a collision even to the extent of yielding his right of way if reasonably necessary, nevertheless under the circumstances he had the right to assume, until put upon reasonable notice to the contrary, that any motorists on 17th Avenue would obey the traffic ordinance and yield to him the right of way.
Even where the evidence is not in dispute, when conflicting reasonable inferences may be drawn from the admitted facts, questions of negligence and negligent causation are peculiarly questions of fact which should be permitted to go to the jury. Here the extent of plaintiff's reliance on his right of way, the assumption that defendant would yield, as well as every other aspect of this collision which a trial might develop are questions to be considered by a jury in deciding the ultimate fact of causative negligence. Weber v. Porco, Fla., 100 So.2d 146.
The caution with which trial courts must consider summary judgments in cases such as this is too well known to require repetition of citations here.
The summary judgment appealed from is reversed and the cause remanded for a new trial.
Reversed.
KANNER, C.J., and ALLEN, J., concur.