FUSSELL, Associate Judge.
Mildred L. Sneed, plaintiff below, appeals from a judgment entered pursuant to a jury verdict for the appellee, City of West Palm Beach. She brought suit for injuries she sustained from falling after stepping in a chuck hole in the City street.
The two questions raised on this appeal are (1) whether the court erred in charging the jury as to the law on contributory negligence, and. (2) whether the charges as given correctly stated the law.
The material facts are uncontradicted and therefore decision on the first question is dependent upon our determination as to whether there is sufficient evidence in the record of contributory negligence on the part of the plaintiff to justify submitting this defense to the jury under proper court instructions.
The undisputed evidence indicates that plaintiff had parked her car on a street with which she was quite familiar and that she knew that it was a rough street and had many chuck holes in it. She did not know of and had never seen the particular chuck hole that caused her fall. It was around noon at the time and she had gone into the place of business where her cousin was employed for the purpose of having lunch with her. Due to crowded conditions inside, they decided to eat lunch in plaintiff’s car. *168 When they came to the door it was pouring down rain and they waited a short while until the rain let up, and then plaintiff walked into the street at the rear of her car and turned to the right preparatory to entering through the front door on the driver’s side. Meanwhile her cousin was entering the car from the right front door on the curb side.
Plaintiff testified that water was still on the street after the heavy rain and that when she turned around the car she stepped on the side of a chuck hole in the street which caused her fall. Plaintiff testified that she was wearing walking shoes; that the chuck hole was filled with water; that she was looking at the pavement at the time and did not and could not see the hole because of the water in it and on the street.
It is the contention of the plaintiff that the mere fact that she knew there were chuck holes in the street, considered with the fact that she had no knowledge whatsoever of the particular chuck hole causing her fall, was wholly insufficient to show contributory negligence on her part and that therefore the court had erred in overruling her obj ection to the giving of the charge of contributory negligence.
In order for the lower court to have granted plaintiff’s objection to the giving of the charge on contributory negligence, the evidence must have been such as would have sustained the granting of a directed verdict or a summary judgment on this issue. It would have been necessary for the court to have found that there was no evidence as to contributory negligence, or at least that the evidence was insufficient to support such a defense.
The very recent opinion of this court in the case of Purdon v. Cohen, 1961, 126 So.2d 575, reversed the summary judgment which the lower court had entered in favor of the defendant store owner for the reason that the tripod leg over which plaintiff had stumbled was plainly visible to her. The evidence in this case showed that plaintiff was following the salesman down the aisle and was looking at him and did not see the tripod leg. The court held that this was not contributory negligence as a matter of law on her part and that the question of contributory negligence was one for the jury to decide. This case cites with approval City of Jacksonville v. Stokes et al., 74 So.2d 278, decided by the Supreme Court, and quoted with approval the following from page 278 of the text:
“If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
“The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it.” (Emphasis supplied.)
In the instant case there is no question but that the plaintiff was aware of danger because she knew of the existence of the many chuck holes. Also, there is no question as to her knowledge of the likelihood of encountering danger when she stepped into the pool of water without being able to see whether or not it covered or hid a chuck hole in the rough street. Contrary to the City of Jacksonville v. Stokes case, supra, she knew there was reason to expect danger. The question in this case, the same as in the one above, is whether she *169 used due care for her own safety, taking into account all of the circumstances.
The jury could well consider that she had no cause for hurry, and knowing of the existence of the rough street and many chuck holes, she should have chosen that portion of the pavement which was clearly visible and safe, rather than to step into the pool of water which was hiding from her view the dangerous chuck hole. Photos of the rough street with the chuck holes were received in evidence, and which were available to the jury. Then again, if the entire street was covered with water so that there was no visible exposed portion of the pavement which the plaintiff could select, then the jury could have determined that a reasonably prudent person under the circumstances would have entered the car from the curb side and then let her cousin follow her, rather than to have taken the chance of getting her feet wet and filling her shoes with water and taking a chance of running the gauntlet of the hidden chuck holes.
In the case of Alessi v. Farkas, 1960, 118 So.2d 658, 660, this court reversed an order of the lower court granting a directed verdict in favor of the defendant, holding that plaintiff was guilty of contributory negligence as a matter of law. In this case the court said:
“It is generally held that the issue of contributory negligence is to be determined by the jury and ordinarily it should not be disposed of by the court in a peremptory manner. 23 Fla.Jur. Negligence, Sec. 129. Thus, when the question of contributory negligence arises on a state of facts from zvhich reasonable men might draw different conclusions, either as to the facts or conclusions or inferences to be drawn therefrom, the question should be submitted to the jury. * * *
“Thus in a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to only one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or setting aside a jury’s determination on conflicting evidence and substituting instead his own evaluation of the evidence.” (Emphasis supplied.)
It would have been error for the lower court to have withdrawn, from the jury, decision as to the issue of contributory negligence by sustaining the objection of the plaintiff to the giving of a charge on contributory negligence.
Plaintiff also complains of the wording of a charge given by the lower court on contributory negligence and particularly because the charge includes the following words :
“You are instructed that it is the duty of the pedestrians walking on the streets of the City of West Palm Beach to use ordinary care and to discern defects in a sidewalk over which they are walking.” (Emphasis supplied.)
The record indicates that the jury returned before their verdict and questioned the court as to its charge on negligence and contributory negligence, and the court carefully repeated its entire instructions on these subj ects. The record further indicates that the above portion of the instruction objected to was then stated as follows:
“You are instructed that it is the duty of a pedestrian walking on the streets of the City of West Palm Beach to use ordinary care to discern defects in a street over which they are walking.”
from which the word "and” was omitted.
 Any error in the charge first given was cured by the giving of the charge correctly when the jury requested further instruction on contributory negligence. The complete charge of the court is most excellent.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.