146 So.2d 388 (1962)
June B. GARRIS, As Executrix of the Last Will and Testament of Earl Blodgett, Deceased, Appellant,
v.
Joe ROBEISON, Appellee.
No. 2920.
District Court of Appeal of Florida. Second District.
October 26, 1962.
*389 Gedney, Johnston & Lilienthal, West Palm Beach, for appellant.
Salisbury, Kaywell & Salisbury, Palm Beach, and Langbein, Burdick & Silvian, West Palm Beach, for appellee.
SMITH, Judge.
This is a motor vehicle negligence case involving a traffic-light intersection collision between a tractor-trailer driven by the plaintiff-appellee, Joe Robeison, and an automobile owned and driven by the defendant-appellant's decedent, Earl Blodgett. Both Blodgett and his sole passenger were instantly killed. The defendant filed pleas of general denial and contributory negligence. Plaintiff filed a motion to strike the plea of contributory negligence and a motion for summary judgment, submitting depositions and photographs, none of which were controverted by the defendant. The court held that all of the evidence concerning the happening of the accident which could be produced at the trial was contained in the file; that it appeared to the court that in order for a jury to find plaintiff guilty of contributory negligence, they would have to delve into the realm of speculation and guess work; and that since the burden of proof on the plea of contributory negligence was upon the defendant, the court would grant the motion to strike the plea of contributory negligence and deny plaintiff's motion for summary judgment.
At the trial, the plaintiff presented his evidence and rested, and the defendant announced that she had no evidence to offer, whereupon the plaintiff moved for a directed verdict on the question of liability. The court granted the motion, and subsequently the jury returned its verdict awarding the plaintiff damages. After entry of final judgment, the defendant appeals, contending that the court erred in striking her plea of contributory negligence and in directing a verdict for the plaintiff on the question of liability.
On the question pertaining to the court's striking the defendant's plea of contributory negligence, the defendant contends that there is nothing in the statutes or rules which permits the striking of a plea of contributory negligence where the plea is properly framed and states a good defense, citing Florida Rule of Civil Procedure 1.11(f), 30 F.S.A. We conclude, however, that even if we concede the accuracy of this statement, nevertheless, the ultimate effect of the court's action was to eliminate an affirmative defense upon which there was no material issue of fact, which it could have done upon the motion for summary judgment. The procedure employed by the court was unorthodox, but, at most, only a harmlessly erroneous procedural method of arriving at a proper *390 result. Our review of the propriety of the directed verdict will further demonstrate the lack of harmful error.
The defendant's contention that the court erred in directing a verdict in favor of the plaintiff on the question of liability requires a review of the evidence.
The plaintiff was the driver of the truck and the only surviving eye-witness to the collision. He testified that he was proceeding north on State Road 7, as he approached the intersection with State Road 80, at approximately 6:45 P.M., on March 7, 1960, and that it was "good dusk dark." He also stated that he was well acquainted with the intersection and that he first observed the traffic light from a distance of approximately 200 feet. The light was then red. Upon observing the red light, the defendant put his foot on the brakes and slowed down. When 75 to 100 feet from the light, he was traveling at a speed between 30 and 35 miles per hour, and he down-shifted into third gear. At one time he testified that the light changed to green when he was about 100 feet from the intersection. At another time, he testified that the light changed green when he was 30 to 35 feet from the intersection. And, at still another time, he testified that he was 75 to 80 feet from the intersection when the light changed green. He had his lights on. He was uncertain as to whether the light changed from red to caution to green, or whether it changed from red to green. The weather was clear and the roads were dry. He looked both ways when approaching the intersection, but did not see any other vehicles, except a car-carrying truck which was ahead of him, stopped for the red light. When the light changed to green, this vehicle made a left turn at the intersection. When the green traffic light came on, the plaintiff began to increase his speed and proceeded on into the intersection with the green light. He did not see the other automobile, but stated that when under the light, he saw a flash or something and then he became unconscious. He did not know whether or not the other automobile had its lights on.
In addition to the testimony of the plaintiff, a State Highway Patrolman testified as to the physical facts where the collision occurred and the position of the vehicles after the collision. A detailed map of the intersection and photographs of the intersection and of the vehicles were introduced in evidence. The photographs show extensive damage to the automobile, concentrated in the middle of its left side, and damage to the front of the truck.
We consider the evidence in the light most favorable to the defendant. The defendant is not required to offer evidence of contributory negligence if the plaintiff's own proof shows facts from which such negligence can be inferred and, under such circumstances, the defendant may avail herself of this under her general denial. Florida East Coast Railway Co. v. Smith, 1911, 61 Fla. 218, 55 So. 871. If the plaintiff's evidence affirmatively points to the existence of contributory negligence, this issue may properly be submitted to a jury, even though not specially pleaded by the defendant. Atlantic Coast Line Railway Co. v. Webb, 1933, 112 Fla. 449, 150 So. 741; City of Jacksonville Beach v. Jones, 1931, 101 Fla. 95, 133 So. 562.
A negligence cause should never be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658. It is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make the question of contributory negligence one for the jury. Redwing Carriers, Inc. v. Helwig, Fla.App. 1959, 108 So.2d 620. Proof of contributory negligence must be maintained by the defendant unless the plaintiff's own negligence shows that a presumption of contributory negligence *391 is plainly inferred from the testimony adduced in which case the burden of proof is shifted and it becomes the duty of the plaintiff to remove such presumption. Greiper v. Coburn, 1939, 139 Fla. 293, 190 So. 902. In considering the question both the oral and physical evidence must be examined. Goff v. Miami Transit Company, Fla. 1955, 77 So.2d 636. And where the case is close on issues of negligence, doubt should always be resolved in favor of a jury trial. Foster v. Gulfstream Press, Inc., Fla.App. 1961, 134 So.2d 270. Where the evidence fully makes out the plaintiff's case, and there is no evidence to contradict or rebut it, a directed verdict for the plaintiff is proper. New England Mutual Life Ins. Co. v. Huckins, 1937, 127 Fla. 540, 173 So. 696. Conflicts as to immaterial facts do not constitute genuine issues which should be submitted to the jury. Peeler v. Duval County, Fla. 1954, 70 So.2d 354. A driver with a traffic signal in his favor has the right of way. Mason v. Remick, Fla.App. 1958, 107 So.2d 38.
"A favorable traffic signal does not of itself give a driver of an automobile the unqualified right to proceed into an intersection in the face of traffic presently in the intersection or so close thereto as to create a hazard. When proceeding into an intersection after a change in the traffic signal, a driver must exercise reasonable care to determine that no impending danger exists." Tackett v. Hartack, Fla. App. 1958, 98 So.2d 896, 897.
After applying the foregoing principles of law to the facts in this case, we conclude that the court properly directed a verdict in favor of the plaintiff on the question of liability. All of the testimony tends to show that the plaintiff exercised reasonable care. Any other conclusion would be pure speculation and conjecture. Under the circumstances, the court had no alternative other than to direct a verdict as it did.
The judgment is affirmed.
ALLEN, Acting C.J., and KANNER, J., concur.