190 So.2d 47 (1966)
Jean MUSACHIA, Appellant,
v.
Dr. Lowell Douglas ROSMAN and Dr. Albert Rosman, Appellees.
Jean MUSACHIA, Appellant,
v.
Dr. Morton TERRY, Appellee.
Nos. 65-893, 65-894.
District Court of Appeal of Florida. Third District.
September 13, 1966.
Rehearing Denied October 5, 1966.
*48 Nichols, Gaither, Beckham, Colson, Spence & Hicks and Robert Orseck, Miami, for appellant.
Blackwell, Walker & Gray and Paul R. Larkin, Jr., Miami, for appellees, Rosman.
Malspeis & Bellamy, Miami, for appellee, Terry.
Before CARROLL and SWANN, JJ., and BOYER, TYRIE A., Associate Judge.
BOYER, TYRIE A., Associate Judge.
On March 28, 1959, Jack Musachia, a North Miami barber, was involved in an altercation which resulted in his being severely beaten. He was taken to the Biscayne Osteopathic Hospital where he was treated by two osteopaths, Dr. Lowell Rosman and Dr. Albert Rosman, who called in as a consultant, Dr. Morton Terry, Jr., also an osteopath. Musachia was confined to the hospital until the morning of April 4, 1959, on which date he prevailed upon a friend to take him home from the hospital contrary to the advice and wishes of his physicians. The friend drove Musachia to the latter's barber shop where he went in and transacted some business, and then they drove home. During the afternoon Musachia lounged around his home and had two alcoholic drinks with a visitor. Although he departed from the hospital against the advice of his physicians, Musachia remained under their care. Dr. Lowell Rosman advised Mrs. Musachia by telephone to feed her husband strained baby food. The same physician was called to Musachia's home at 7:30 p.m., on April 4, 1959, at which time he prescribed medication. In the early morning of April 5, 1959, Mrs. Musachia reported that Mr. Musachia had fallen and was found on the floor of his room. Later that morning Jack Musachia died, the immediate cause of death being fecal peritonitis, due to perforations of the small intestine.
Jean Musachia, the surviving spouse of the deceased, commenced an action for wrongful death under F.S. 768.01 and 768.02, F.S.A. against the hospital and the three physicians, contending that improper diagnosis and treatment proximately resulted in the wrongful death of her husband. The defendants filed their Answer, denying the essential allegations of the Complaint *49 and asserting as an affirmative defense that the damages of the plaintiff were solely and proximately caused by the negligence of the plaintiff or the deceased.
The cause proceeded to trial which resulted in a directed verdict in favor of the defendant hospital and the three doctors. On appeal to this court the judgment was affirmed as to the hospital but reversed as to the physicians because of errors committed by the trial court in certain rulings regarding expert testimony. (See Musachia v. Terry, Fla.App. 1962, 140 So.2d 605.)
At the second trial the case was submitted to the jury for determination. The trial judge, over vigorous objections of the plaintiff, instructed the jury on the defense of contributory negligence. The jury returned verdicts for all defendants. Two separate judgments were entered: one in favor of the defendants, Dr. Lowell Rosman and Dr. Albert Rosman, and another in favor of Dr. Morton Terry. The plaintiff filed two separate appeals from those judgments, which were consolidated by order of this court.
The sole issue on appeal is whether the trial judge erred in submitting to the jury the issue of contributory negligence and in instructing the jury on that defense. There is no attack upon the form or content of the instruction.
In this opinion the parties will be referred to as they stood in the court below.
The plaintiff urges on this appeal that the record is devoid of any evidence of contributory negligence. She further urges that, assuming arguendo that the decedent's departure from the hospital contrary to the advice and wishes of his physicians, and his subsequent actions, constituted negligence there was no evidence of proximate cause between such acts and the death of the decedent.
Contributory negligence has long been recognized, both in Florida and elsewhere, as a valid defense to an action for damages arising out of medical malpractice. (General Hospital of Greater Miami, Inc. v. Gager, Fla.App. 1964, 160 So.2d 749. See also the excellent annotation found in 50 A.L.R.2d 1043). Indeed, the plaintiff does not contend to the contrary.
It is so well settled as to require no citation of authority that as a general rule issues of negligence and contributory negligence are questions for the jury to determine upon proper instructions, and are not to be determined by the court in a peremptory manner. Where, on the issue of contributory negligence, reasonable men might draw different conclusions, either as to the facts or as to the conclusions or inferences to be drawn therefrom, the question should be submitted to the jury. Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658; Sneed v. City of West Palm Beach, Fla.App. 1961, 128 So.2d 166; Bowen v. Manuel, Fla.App. 1962, 144 So.2d 341; Beikirch v. City of Jacksonville Beach, Fla.App. 1964, 159 So.2d 898; Grall v. Risden, Fla.App. 1964, 167 So.2d 610.
In a personal injury suit the issue of contributory negligence is ordinarily a question for the jury. It is only necessary that there be some evidence tending to show negligence on the part of the plaintiff to make a jury question. In determining whether the evidence is sufficient to support an instruction on the issue of contributory negligence, the evidence should be viewed in the light most favorable to the party requesting the instruction, in this instance the defendants. (General Hospital of Greater Miami, Inc v. Gager, supra.)
The plaintiff, urging reversal, relies heavily upon Bessett v. Hackett, Fla. 1953, 66 So.2d 694, wherein it is stated:
"it is not every act of negligence on the part of a plaintiff that will bar his recovery for injuries resulting from the negligence of another. It is only when negligent acts on the part of the plaintiff have a direct and proximate causal relation, or contribute in some appreciable *50 degree, to the injury that recovery is precluded."
With this statement of the law we are in accord. However, as stated by this court in Trotter v. Hewett, Fla.App. 1964, 163 So.2d 510:
"Proximate cause is not a question of science or legal knowledge  it is a fact to be determined in consideration of all the circumstances. It is only when the facts are susceptible of only one inference that the question is one of law for the court. Otherwise it should be submitted to the jury."
It is undisputed that Jack Musachia departed the hospital over the objections of, and contrary to the advice of, his physicians, the defendants herein. It is also undisputed that the immediate cause of death was fecal peritonitis casued by spillage into the peritoneal cavity through two small perforations in the bowel, which perforations occurred within a matter of hours prior to the decedent's death. The undisputed medical testimony was that the only treatment for fecal peritonitis is immediate surgery. In this day and time it is common knowledge that complicated surgical procedure should only be performed in a hospital. The decedent was not in the hospital on the morning of April 5 when he was stricken with fecal peritonitis because he, contrary to the advice and wishes of his physicians, removed himself therefrom thereby putting himself beyond constant observation and the reach of immediate medical and surgical treatment at a time when it was most needed. Although there was no evidence that the decedent was specifically instructed by his physicians not to partake of alcoholic beverages, the jury was certainly entitled to believe and find that a man, in the exercise of ordinary prudence, who was on a diet of strained baby food, would not so imbibe; and there was evidence from which the jury could have found that the alcohol was a contributing if not the major cause of the perforations which allowed spillage into the peritoneal cavity resulting in fecal peritonitis.
We conclude that there was ample credible evidence adduced before the jury from whence the jury could legally find that the decedent was guilty of contributory negligence and that such negligence was a proximate cause of his death, and that therefore the trial court did not err by instructing the jury on the issue of contributory negligence.
Accordingly, the judgments appealed from should be and they are affirmed.
Affirmed.