208 So.2d 308 (1968)
BESS AMBULANCE, INC., a Florida Corporation et al., Appellants,
v.
Ann BOLL and Howard Boll, Her Husband, Appellees.
ST. FRANCIS HOSPITAL, INC., a Florida Corporation, Not for Profit, Appellant,
v.
Ann BOLL and Howard Boll, Her Husband, Appellees.
Nos. 67-395, 67-398.
District Court of Appeal of Florida. Third District.
March 19, 1968.
*309 Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for Bess.
Taylor, Brion, Buker, Hames & Greene and Robert J. Paterno, Miami, for St. Francis Hospital.
Fuller & Brumer, Kenneth L. Ryskamp, Miami, for appellees.
Before CHARLES CARROLL, C.J., and PEARSON and SWANN, JJ.
PEARSON, Judge.
The appellants were defendants in the trial court. They appeal a final judgment for the plaintiffs which was entered upon a jury verdict. The judgment was against both defendants in the amount of $37,500 for the plaintiff-wife who was injured and $10,000 for the plaintiff-husband upon his derivative claim.
The appellee-wife was taken by the Bess Ambulance Service to St. Francis Hospital. Both the ambulance service and the hospital are appellants in this appeal. Mrs. Boll was placed upon a hospital cot in a room off the emergency entrance to await the assignment of a room. Appellee was not an emergency case although there is evidence that she was very ill, irrational or semi-conscious. She fell from the table and fractured her hip.
Each defendant, as appellant, has questioned the sufficiency of the evidence to support liability. Our review of the record convinces us there is sufficient evidence to support a finding that each appellant was guilty of negligence directly contributing to appellee's injury. See Jackson v. Florida Weathermakers, Fla. 1952, 55 So.2d 575; Davidow v. Seyfarth, Fla. 1952, 58 So.2d 865.
Appellants also contend the amount of the verdict is so excessive that it shocks the judicial conscience. We find no reversible error presented on this point. See Roberts v. Bushore, Fla.App. 1966, 183 So.2d 708 on remand from reversal, Fla., 182 So.2d 401.
The appellant-hospital presents a point directed to the court's refusal of an instruction upon the claimed issue of contributory negligence. Contributory negligence was plead by the hospital and a general charge on the subject requested. The trial judge refused the charge because he found the evidence before the jury did not present an issue.
It is a well established rule that it is only necessary that there is some evidence tending to show negligence on the part of the plaintiff to make the question of *310 contributory negligence one for the jury. Garris v. Robeison, Fla.App. 1962, 146 So.2d 388; Redwing Carriers, Inc. v. Helwig, Fla. App. 1959, 108 So.2d 620. In the instant case the trial judge correctly found that the issue was not presented for the jury's determination. This is true because all of the evidence before the jury was that the appellee was in an unconscious or semi-conscious condition just prior to her fall. Under the facts of this case the only way the appellee could have contributed to her injury would have been to regain consciousness sufficiently to realize her condition and thereafter unbuckle the safety belt which was designed to prevent her from falling. We find there was no evidence from which the jury could have concluded that the appellee was guilty of contributory negligence. Foulk v. Perkins, Fla.App. 1966, 181 So.2d 704.
Affirmed.