PEARSON, Chief Judge.
The appellant was the plaintiff in an automobile collision negligence action. She appeals from a summary final judgment for the defendant. The summary judgment is based upon the complaint, answer, appellant’s deposition, and the affidavit of the defendant driver. The complaint does not set forth the factual situation. The answer consists of a denial of negligence and the affirmative defense of contributory negligence.
Appellant in her deposition testifies that she was driving slowly down a narrow street when her car was struck on the left side by the front bumper of a large truck. The damage was to the left rear door and to the left rear fender. She further testified that the defendant driver immediately stated that he was sorry he had not seen her. She stated in her deposition that she did not see the truck prior to the impact.
The affidavit of the defendant driver gave no facts about the collision. It consists only of a statement that the accompanying pictures depict the truck and its approximate location at the time of the accident. The pictures reveal that the truck was parked or being moved into or out of a place of business and that its front portion extended across the left hand lane of a narrow street into the right hand lane where appellant was travelling. The defense affidavit does not state whether the truck was parked or was moving and if moving, in what direction it was moving.
Under these circumstances there can be no doubt that the deposition and affidavit fail to affirmatively establish the absence of an issue upon the question of negligence.
Appellee urges that the admission of the plaintiff that she did not see the truck prior to impact affirmatively establishes that the plaintiff was guilty of contributory negligence as a matter of law. Contributory negligence is normally a matter for the jury to determine. See cases cited at 23 Fla.Jur., Negligence, § 312, note 12. On the other hand contributory negligence may be a complete defense. See cases cited at 3 Fla.Jur., Automobiles, § 161. If a complete defense in law may be established beyond issue it may be established by admissions.
Appellee relies upon cases in which the failure to see a large stationary object has been held to be contributory negligence as a matter of law. See City of Miami v. Saunders, 151 Fla. 699, 10 So.2d 326 (1942); Finkelstein v. Brooks Paving Company, Fla.App.1958, 107 So.2d 205. We believe this rule cannot be said to apply in this case where the movement or lack of movement of the truck is not established by the record. We conclude therefore that the defendant did not affirmatively establish the absence of a genuine issue of material fact. Compare Weber v. Porco, Fla.1958, 100 So.2d 146; Mason v. Remick, Fla.App.1958, 107 So.2d 38; Todd v. Waters, Fla.App.1967, 201 So.2d 765.
Reversed for further proceedings.