264 So.2d 103 (1972)
SEIBELS, BRUCE & COMPANY, a South Carolina Corporation Licensed and Doing Business in the State of Florida, and Reginald Edward Rutledge, Appellants,
v.
Benjamin Francis GIDDINGS, Sr., Father of the Deceased Minor, Benjamin Francis Giddings, Jr., Appellee.
No. 71-1034.
District Court of Appeal of Florida, Third District.
May 16, 1972.
Rehearing Denied August 1, 1972.
*104 Corlett, Merritt, Killian & Okell, Miami, for appellants.
Preddy, Haddad, Kutner & Hardy, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
PER CURIAM.
The appellants seek reversal of an adverse jury verdict in a personal injury action. The record on appeal discloses that the appellee, Benjamin Francis Giddings, Sr., father of the late Benjamin Francis Giddings, Jr., was the plaintiff in the trial court; that the appellants, Seibels, Bruce & Company and Reginald Edward Rutledge were the defendants. The appellee instituted an action sounding in tort against the appellants [owner and driver, respectively, of the automobile] as the result of an intersection accident, wherein the late Benjamin Francis Giddings, Jr. [a minor] was the driver of a motorcycle, said minor being killed in the accident.
The appellants have preserved three points for review wherein they contend the trial judge committed error. First, that the trial judge erred in refusing to permit the defendants' experts to testify in response to certain hypothetical questions. Second, that the trial judge committed error in striking the defendants' defense of contributory negligence. And, third, that the trial judge committed error in directing a verdict for the plaintiff on the issue of liability.
In determining each of the questions raised by the appellants, all conflicts in the evidence which had been submitted and reasonable inferences therefrom are to be considered in a light most favorable to the appellants. Farber v. Houston Corporation, Fla.App. 1963, 150 So.2d 732; Paikin v. Beach Cabs, Inc., Fla.App. 1966, 187 So.2d 93; Bittson v. Steinman, Fla.App. 1968, 210 So.2d 30; Katz v. Harrington, Fla.App. 1969, 226 So.2d 11. Reviewing the record in light of these principles, it appears that the accident in question occurred as follows:
On February 6, 1971, at about 8:00 P.M., the appellant Edward Rutledge was driving south on Riviera Drive in Coral Gables, Florida. He approached the intersection at University Drive, which is controlled by stop signs regulating traffic on Riviera Drive. He brought the vehicle to a complete stop at the stop bar painted on the street, and looked both ways, seeing nothing. His view to the left was partially obscured *105 by some Ficus trees, limiting visibility to the left to about 79 feet. As the way appeared clear, Rutledge eased forward, clearing the obstruction the left and, upon once more seeing nothing, he proceeded into the intersection intending to make a left turn on University Drive. As he reached the center of University Drive [which is a two-lane street running east and west] he saw a blinking light between 25 to 75 feet to his left approaching him. The light appeared to be on the center line of the road, so he accelerated in an effort to permit the oncoming vehicle to pass behind him. Impact took place at about or just north of the center line of University Drive and, upon impact, the decedent flew through the air for a distance of 64 feet. An impartial witness, heading north on Riviera Drive [whose view of University Drive to Rutledge's left was unobstructed], never saw the decedent until after the accident. Subsequent to the accident, examination of the broken headlight on the decedent's motorcycle revealed that the light could have been out at the time of impact as it had been operating intermittently. Examination of the motorcycle after the accident revealed the throttle was in a wide-open position.
Had the trial court permitted into evidence the excluded testimony of the appellants' expert witnesses, their testimony would have placed the speed of the decedent's motorcycle at between 53 to 60 miles per hour at the time of impact.
Ordinarily, the question of contributory negligence is a matter for a jury's determination. Rofer v. Jensen, Fla.App. 1962, 141 So.2d 791; Musachia v. Rosman, Fla.App. 1966, 190 So.2d 47; Greer v. Thweatt, Fla.App. 1967, 202 So.2d 574; Lopez v. Deatrick Leasing Corporation, Fla. App. 1970, 237 So.2d 284. And, if there is any evidence that tends to support a defense of contributory negligence, the matter should be submitted to a jury. Redwing Carriers, Inc. v. Helwig, Fla.App. 1959, 108 So.2d 620; Garris v. Robeison, Fla.App. 1962, 146 So.2d 388; Musachia v. Rosman, supra; Bess Ambulance, Inc. v. Boll, Fla. App. 1968, 208 So.2d 308. Under the facts as above set forth, we find that the trial court erred in striking the defense of contributory negligence under the evidence as actually received. The propriety of failing to permit the responses by the experts will be hereinafter discussed. Having found that the court committed error in striking the defense of contributory negligence, it necessarily follows that the matter will have to be retried. However, it is also apparent that even if the trial court had been correct in striking the defense of contributory negligence, under the peculiar facts as shown in the record the defendants would have been entitled to have the matter submitted to the jury on the question of Rutledge's negligence, notwithstanding the removal of the contributory negligence issue. The facts, as adduced in the instant case, were susceptible to the view [which the jury could have found] that the defendant Rutledge acted as a reasonable and prudent person under the circumstances and was guilty of no negligence. Hart v. Held, 149 Fla. 33, 5 So.2d 878; Mason v. Remick, Fla.App. 1958, 107 So.2d 38; Chilton v. Dockstader, Fla.App. 1961, 126 So.2d 281; Flex v. Blair, Fla.App. 1965, 173 So.2d 518. And, therefore, the trial judge erred in directing a verdict of liability in favor of the plaintiff.
Turning next to the hypothetical questions submitted to the two admitted experts, we find generally that it is within the discretion of a trial court to determine the propriety of a hypothetical question [Myers v. Korbly, Fla.App. 1958, 103 So.2d 215; Whitten v. Erny, Fla.App. 1963, 152 So.2d 510], and that any hypothetical proposed must be based on evidence that has been introduced into the trial proceedings. Monsalvatge and Company of Miami, Inc. v. Ryder Leasing, Inc., Fla.App. 1963, 151 So.2d 453; Florida East Coast Railway Company v. Morgan, Fla.App. 1968, 213 So.2d 632; Nat Harrison Associates, Inc. v. Byrd, Fla.App. 1971, 256 So.2d 50. In propounding a hypothetical, a party is entitled *106 to use evidence even if it be conflicting viewed in a light most favorable to him in propounding a hypothetical. Baker v. State, 30 Fla. 41, 11 So. 492; Escambia County Electric Light and Power Company v. Sutherland, 61 Fla. 167, 55 So. 83; Mutual Benefit Health & Accident Association v. Bunting, 133 Fla. 646, 183 So. 321; Zerega v. State, Fla. 1972, 260 So.2d 1. The questions propounded in the instant case went to the speed of the motorcycle operated by the deceased minor. There was evidence which tended to show a point of impact of the two vehicles [admittedly this issue was in conflict, but a definite point of impact was fixed by some of the testimony]. The angle of impact was ascertainable by an examination of the damage to the respective vehicles and their respective positions after impact. The distance that the body of the driver of the motorcycle travelled from the point of impact to the point of landing was ascertainable. [Here, again, the actual distance was in conflict, but there was evidence which established a range of distance.] Evidence of speed may also be ascertained from photographs which depict damages to the respective vehicles. Accord Nat Harrison Associates, Inc. v. Byrd, supra. From an examination of the testimony as to the qualifications of the experts, we find that they were possessed of the necessary pre-requisites to have permitted them to give an opinion as to speed and the questions, as propounded, were correct on the record and the trial judge committed error in excluding them. Upon cross-examination, plaintiff's counsel could have used other distances and locations previously testified to in an attempt to impeach or impair the credibility of the opinions given by the experts.
Therefore, for the reasons above stated, the final judgment based on the directed verdict be and the same is hereby reversed with directions to the trial court to permit the appellants, as defendants therein, a new trial.
Reversed and remanded with directions.