PER CURIAM.
Appellant appeals his conviction and sentence for the crime of second degree murder, in violation of Section 782.04(2), Florida Statutes (1975).
An information was filed against appellant charging him with second degree murder for the stabbing death of one Herbert Tyler, on December 15, 1975. Appellant pled not guilty and the cause proceeded to trial whereupon, at its conclusion, the jury returned a verdict of guilty. On July 9, 1976, the trial court adjudicated appellant guilty and sentenced him to fifteen (15) years imprisonment. This appeal follows.
Appellant’s sole contention on appeal is that the trial court erred in commenting upon the evidence in responding to an objection raised by appellant over the use of a hypothetical question posed by the State, which sought to determine the cause of the victim’s death. It is appellant’s contention that facts comprising the hypothetical question were not in evidence and in overruling appellant’s objection to the question, the court in fact lent undue credibility to the State’s case, prejudicing appellant’s trial.
*25 The alleged erroneous comment was as follows:
“I think the jury will have to rely upon its own recollection as to whether these facts in quotes are, in fact, what has been testified to.”
Initially, we are of the opinion that the above statement in no way prejudiced appellant’s trial. Furthermore, the record reveals that the facts contained in the State’s hypothetical question were established by competent testimony or evidence. Autrey v. Carroll, 240 So.2d 474 (Fla.1970). Steiger v. Massachusetts Casualty Insurance Company, 273 So.2d 4 (Fla. 3d DCA 1973). As such, no abuse of discretion has been shown in allowing the question to be asked. Seibels, Bruce & Company v. Giddings, 264 So.2d 103 (Fla. 3d DCA 1972).
Accordingly, appellant’s conviction and sentence are hereby affirmed.
Affirmed.