PER CURIAM.
The defendants appeal a summary final judgment for the plaintiff Bank in an action on a promissory note and the guarantees thereon. The defendants urge that a genuine issue of material fact exists precluding summary judgment, or that the defendants were entitled to a judgment forfeiting interest charges as a matter of law upon the issue of usury. Defendants did not appear at the hearing on the motion for summary judgment and offered no affidavits in opposition thereto. On this appeal, it is urged that the answers of the plaintiff to certain interrogatories propounded by the defendants and the subsequent amendment of the complaint constituted an admission that the note was usurious on its face with regard to the individual guarantors.
Our review of the record in the light of the briefs and oral argument shows that for the note to be usurious with regard to the guarantors, it is necessary that it be read in an unnatural and unusual manner, and inasmuch as the defendants failed to come forward with any particularization of their defense of usury, we hold that the trial court correctly granted summary final judgment for the plaintiff on the usury issue. See Garris v. Robeison, 146 So.2d 388, 389 (Fla.2d DCA 1962).
A second problem arises from the fact that at the summary judgment hearing, the trial judge entered a judgment for attorney’s fees and assessed costs according to affidavits submitted to him at that time, the affidavits having been served on the defendants only on the day of the hearing. The effect of this procedure was to deprive the defendants of an opportunity to object to the entitlement to attorney’s fees or to the amount thereof, or to present evidence and argument in contravention of the items claimed as costs. See Fla.R.Civ.P. 1.090(d).
Accordingly, the summary final judgment is affirmed, except that the portions thereof referring to attorney’s fees and costs is stricken therefrom and upon remand a separate order may be entered on costs and attorney’s fees.
Affirmed in part, reversed in part and remanded with directions.