191 So.2d 619 (1966)
Joe T. LaBARBERA et Ux., Appellants,
v.
MILLAN BUILDERS, INC., a Florida Corporation, Appellee.
No. H-145.
District Court of Appeal of Florida. First District.
November 10, 1966.
*620 Richard W. Kreidler, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Jacksonville, for appellants.
Dawson, Galant, Maddox & Sulik, Jacksonville, for appellee.
WIGGINTON, Acting Chief Judge.
Plaintiffs appeal a final judgment setting aside a jury verdict rendered in their favor; adjudging that plaintiffs take nothing by their suit; and dismissing the cause at plaintiffs' cost. The judgment further provides that in the event it is reversed on appeal, that defendant be granted a new trial on the ground that the verdict should have been directed in defendant's favor at the conclusion of the evidence. In essence it is plaintiffs' contention that the evidence creates genuine issues of fact on the legal issues of liability and damages, and that the trial court erred in setting aside the jury's verdict and resolving all issues in favor of defendant.
By their complaint plaintiffs allege that their dwelling constructed by defendant suffered smoke and fire damage as a result of a malfunctioning of the central heating equipment. One count of the complaint alleges a breach of an implied warranty of fitness by defendant in failing to construct plaintiffs' residence in a manner safe for human habitation. The remaining count charged defendant with negligence in failing to provide proper ventilation to the furnace room, which failure proximately caused the heating unit to malfunction in such way as to cause the fire and smoke damage for which judgment was prayed. Upon the issues formed by defendant's general denial of the material allegations of the complaint, the cause was tried to a jury which returned a verdict in favor of plaintiffs. Defendant's post-trial motion for judgment notwithstanding the verdict was granted and the cause dismissed.
It is the theory of plaintiffs' case that in constructing their home defendant negligently placed insulating materials over the louver located in the ceiling of the furnace room thereby causing it to be so clogged, and the openings thereof so obstructed, as to prevent air from entering the furnace room from the attic. It is plaintiffs' position that because of such negligence, it was impossible for a sufficient amount of air to enter the furnace room and reach the burner of the fuel oil heater as to permit proper combustion of the flame and proper operation of the heating unit. As a result of such starvation of combustion air into the furnace, a "puffback" was created in the mechanism causing a wild flame to surge out of the combustion chamber which ignited flammable materials in the room causing the interior thereof to become burned and charred and smoke to permeate the remainder of the house.
Although disputed by the competent and substantial direct evidence to the contrary, the circumstantial evidence introduced by plaintiffs at the trial supports the inference that the louver installed in the ceiling of the furnace room was clogged and obstructed by insulating materials prior to the outbreak of the fire. Such inference was sufficient to create a jury question on this issue of fact. Based partially upon this inference, plaintiffs' expert witness testified unequivocally that in his opinion the fire was started by what is known in the trade as a "puffback" in the heating unit which set up a wild surge of flame from the combustion chamber of the furnace that ignited the flammable materials in the furnace room, and that the sole and only cause of the "puffback" was a lack of adequate combustion air within the combustion chamber of the furnace.
In considering defendant's post-trial motion for judgment notwithstanding the verdict, the trial court held that in order to prevail on the issue of liability, the burden rested on plaintiffs to establish two essential facts, to wit: (1) that defendant negligently *621 permitted the louver constructed in the ceiling of the furnace room to become clogged and obstructed by insulating materials, which condition prevailed prior to and at the time of the occurrence of the fire; and (2) that the clogged and obstructed condition of the ceiling louver prevented sufficient combustion air to reach the furnace, resulting in the creation of a "puffback" which caused a wild surge of flame to escape from the furnace into the furnace room causing the fire and smoke damage suffered by plaintiffs. In this conclusion we think the trial court was eminently correct.
In its order granting defendant's motion, the trial court found that although all of the direct evidence introduced at the trial was to the contrary, that nevertheless the circumstantial evidence introduced by plaintiffs was sufficient to support the inference that the ceiling louver over the furnace room was permitted to become obstructed by insulating materials as a result of defendant's negligence, and that such defective condition existed prior to and at the time of the fire. By his order the trial judge further found that the testimony of plaintiffs' expert witness with respect to the nature and cause of the fire was likewise nothing more than an inference drawn from circumstantial evidence constructed upon the inference that the louver was obstructed before the fire occurred. The trial judge reasoned that plaintiffs' right to recover therefore depended upon the construction of one inference onto another in order to establish the ultimate facts necessary to support the issue of liability. The court held that such procedure was not permissible unless the first inference was based upon circumstances so clear, convincing, and positive as to not permit of any reasonable contrary inference. The legal principle on which the trial judge relied is the established law of this state as so well expressed by Justice Thornal in the case of Commercial Credit Corporation v. Varn:[1]
"The unfortunate aspect of the matter so far as the appellee is concerned is that she apparently relied entirely upon circumstantial evidence and inferences to be drawn therefrom as a basis to support her position. Circumstantial evidence certainly may be relied upon as a basis for recovery in civil actions. Tucker Brothers, Inc. v. Menard, Fla. 1956, 90 So.2d 908. The rule is clear, however, that the inference of the existence of an essential fact to be drawn from circumstantial evidence cannot be made the basis of a further inference of an essential fact, unless it can be said that the initial inference was established to the exclusion of any other reasonable inference.
"Ordinarily, the rule with reference to inferences based on circumstantial evidence is different in civil actions from the rule which applies in criminal matters. In civil cases if the proved circumstances justify an inference pointing to an essential fact which inference outweighs all reasonable inferences to the contrary, it can then be said that a conclusion as to the existence of the ultimate fact is justified by the circumstantial evidence. Tucker Brothers, Inc. v. Menard, supra. However, the established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41."
There can be little question but that the conclusion reached by the trial judge in setting aside the verdict would be free from error if each of the two ultimate facts *622 essential to recovery were established only by inferences drawn from circumstantial evidence.
The issue of fact concerning the condition of the ceiling louver was established only by an inference drawn from circumstantial evidence. The direct evidence to the contrary was so overwhelming that it could not be said that the inference supporting the fact contended for by plaintiffs was so clear, convincing, and positive as to exclude all reasonable inferences to the contrary. Unquestionably, therefore, this inference cannot be said to have so risen to the status of an established fact as to support a second inference leading to the conclusion that defendant's negligence was the proximate cause of the fire. It is our view, however, that the fact with respect to the nature and cause of the fire was not established by inferences drawn from circumstantial evidence, but was established by the direct evidence of plaintiffs' expert. As recited by the trial judge in his order setting aside the verdict, this witness testified unequivocally that the fire was started by a "puffback" which set up a wild surge of flame from the combustion chamber of the furnace which ignited flammable materials in the furnace room, and that the sole and only cause of the "puffback" was lack of adequate combustion air in the combustion chamber of the furnace. The expert opinion of this witness was based upon physical facts found to exist at the time of his inspection of the premises and examination of the heating unit on the day following the fire, which included the clogged condition of the ceiling louver. It is true that one of the facts assumed by this witness in reaching his conclusion was that the ceiling louver was clogged and obstructed before the fire occurred, which fact appeared only as an inference from other facts in evidence. The utilization of this inferred fact in reaching his unequivocal conclusion with regard to the origin and nature of the fire does not reduce the testimony of the witness to that of an inference drawn from circumstantial evidence.
Although a conclusion expressed by an expert witness in response to a hypothetical question may, in one sense, be characterized as an inference, we do not believe it to be the character of inference which falls within the prohibition against constructing an inference upon an inference to arrive at an ultimate conclusion. To hold otherwise would render incompetent every opinion of an expert witness given in response to a hypothetical question if it were found that one of the several facts forming the basis of the question consisted of an inference drawn from circumstantial evidence. Such a result would not comport with logic, reason, or the practicalities of the judicial process. Since the fact necessary to prove that defendant's negligence was the proximate cause of plaintiffs' damages was established by positive and direct evidence, and not by an inference drawn from circumstantial evidence, we do not consider that the inference on inference rule propounded in Commercial Credit Corporation, supra, is applicable. We therefore conclude, and so hold, that the chancellor erred in rendering judgment in favor of defendant.
As indicated in the forepart of this opinion, the overwhelming weight of the evidence establishes that the ceiling louver of the furnace room was not clogged or obstructed by insulating materials during the course of construction, nor at any time thereafter. This evidence negates any negligence by defendant which could be said to have attributed in any manner to the fire which caused plaintiffs' damages. On this state of the record we think the alternative provision of the judgment appealed which granted defendant a new trial is amply supported, and should be sustained.
The judgment dismissing the cause is reversed, the order granting a new trial is affirmed, and the cause remanded for further proceedings.
SACK and JOHNSON, JJ., concur.
NOTES
[1] Commercial Credit Corporation v. Varn, (Fla.App. 1959) 108 So.2d 638, 640. See also Shepherd v. Finer Foods, Inc., (Fla. 1964) 165 So.2d 750.