JOHNSON, Judge
(dissenting).
I concur with the majority opinion in affirming the trial court’s order setting aside the jury verdict on the ground there was no negligence on the part of the defendant for lack of a proper handrail on the stairway; but I cannot agree with that portion of said opinion holding that the jury could have found that the decedent hit his head on the downward slopping ceiling while leaning slightly forward as he descended the steps. The evidence, I’ll admit, shows that it was possible for a man six feet tall or more, to stand in such a position on the stairway as to touch or bump the ceiling with his head; but here there is no testimony that deceased did hit his head causing him to fall. The only eyewitness testified that she saw the deceased come into the building and that “he kind of staggered to the left * * and wanted to go to the insurance office; that she agreed to take him in the elevator to the second floor and that as she was “* * * taking him up, he kind of fell over my right shoulder and, of course, it automatically stopped the elevator.” She also testified that she could not smell alcohol on his breath. She thought at first, when he entered the lobby and staggered that he had been blinded by the sun, and when he staggered in the elevator that she was afraid the elevator had made him dizzy. She further testified that she was on the bottom or ground floor standing at the elevator in such a position that she could and did see the deceased descending the stairs and that at about the seventh or eight step, “he kind of slumped in his knees and pitched forward.” She' admitted that she could only see the deceased up to about the forehead level. She never testified as to him bumping his head. The closest the plaintiff came to supporting her contention that the deceased bumped his head on the ceiling because it was too low was the measurement showing that it could be done.
There is ample authority in Florida that negligence may be proved by circumstantial evidence,[1] and that the fact that circumstantial evidence is relied upon in a civil action at law does not alter either the rule that it is solely within the province of the jury to evaluate or weigh the evidence or that the burden of establishing a right of recovery by a preponderance of the evidence .is upon the plaintiff. In Voelker v. Combined Ins. Co. of America, 73 So.2d 403, cited by the majority opinion as authority for its holding, the Supreme Court of Flori *183 da, after enunciating the principle of law stated supra, said:
“* * * Consequently, in such a case if the circumstances established by the evidence be susceptible of a reasonable inference or .inferences which would authorize recovery and are also capable of an equally reasonable inference, or inferences, contra, a jury question is presented * * * Of course if none of the inferences on the one hand accords with logic and reason' or human experience, while on the other hand an inference which does square with logic and reason or human experience is deducible from the evidence, the question is not for the fury but is one of law for the court.” (Emphasis added.)
In said Voelker case, the court further pointed out the rule against laying an inference upon an inference, and stated that:
“* * * when no contrary reasonable inference may be indulged, such inference is elevated for the purpose of further inference to the dignity of an established fact. * * * We think, however, that such method of establishing an ultimate fact should not ordinarily be indulged unless the first inference meets a test which may be analogized to the criminal rule concerning circumstantial evidence, i. e., in the ordinary case, only if the prior or basic inference is established to the exclusion of any other reasonable theory should another be drawn from it.”
In the Voelker case supra, the circuit court had entered final judgment on motions by the defendants for directed verdicts after entry of judgment on jury’s verdict in favor of the plaintiff. This is very similar to the procedural fact of the case sub judice. And I point 'out, that although cited in the majority opinion as authority for same, the Supreme Court in the Voelker case affirmed the circuit court’s order entering judgment for the defendants. I think the law applied there and the end decision of the court in said case should control this case and the trial court affirmed. In further support of this contention, I re-emphasize the following factual situations which I think inescapably required an inference upon an inference, and one which does not accord with logic and human experience, namely: The only eyewitness to the falling of the decedent testified about the apparent physical condition of the decedent immediately prior to the fatal fall, and further, that she could see up to the forehead of the decedent and that upon reaching the seventh or eighth step he slumped and fell. There is no indication from this witness’s testimony that decedent bumped his head. The mere possibility that such could have happened, is not such evidence to render it inescapable that he did bump or hit his head, as to remove any reasonable inference that might be indulged to such an extent as to elevate this inference to an established fact upon which a further inference could be hinged. I think human experience tells us that a mere bumping of one’s head on a stairway ceiling does not necessarily infer that the blow on the head was such as to cause the person to “slump” and fall.
A further negating piece of evidence is the fact that the attending physician found no evidence of a bruise or other mark on the decedent’s head, above the root of the nose, which I think indicates that either the head did not hit the ceiling of the stairway, or hit it so lightly as not to bruise the forehead and cause a slumping. Admittedly, a sick man could have bumped his head, the same as a well one, but when the evidence shows slumping otherwise immediately before the alleged accident, I think we come back in the rule in Voelker, supra, that the question is not for the jury but one of law for the court.
We find a similar conclusion of law in the case of Ritter v. Brengle[2] wherein *184 the court dealing with a summary judgment, said, speaking of reasonable inference being a jury question: “This contention is sound in law; however, if the reasonable inferences most favorable to the appellant as drawn from the record create a factual situation under which the appellant could not prevail as a matter of law, the entry of a summary final judgment would still be warranted.”
Again, we find this language in La-Barbera v. Millan Builders, Inc.[3] wherein Honorable John Wigginton speaking for the First District Court of Appeal, says:
“The direct evidence to the contrary was so overwhelming that it could not be said that the inference supporting the fact contended for by the plaintiffs was so clear, convincing, and positive, as to exclude all reasonable inferences to the contrary. Unquestionably, therefore, this inference cannot be said to have so risen to the status of an established fact as to support a second inference leading to the conclusion that defendant’s negligence was the proximate cause* * *."
The trial court, in its final judgment found that “there was not sufficient evidence to support the jury verdict.” The terms as so used are very broad and it is reasonable to assume that by use of the term “not sufficient,” the court was bringing this case within the language of the Voelker case, supra,, to the effect that the evidence was such that it could not support an inference upon an inference and that the plaintiff had failed to so conclusively establish the inference of bumping decedent’s head as to render it an established fact upon which any further inference could be based. I would therefore affirm the trial court’s judgment.

. Chaney v. Headley, 90 So.2d 297 (Fla.1956).

. Ritter v. Brengle, 185 So.2d 7 at 10 (Ma.App.2d, 1966).

. LaBarbera v. Millan Builders, Inc., 191 So.2d 619, 622 (Fla.App. 1st, 1966).