240 So.2d 474 (1970)
Frank H. AUTREY and Betty Autrey, His Wife, Petitioners,
v.
Anne M. CARROLL, Executrix of the Estate of Frank E. Carroll, Deceased, Respondent.
No. 39260.
Supreme Court of Florida.
October 7, 1970.
Rehearing Denied November 24, 1970.
*475 Michael H. Oritt, Snyder, Young & Stern, North Miami Beach, for petitioners.
James E. Tribble, Blackwell, Walker & Gray, Miami, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Third District (Autrey v. Carroll, 227 So.2d 697), which allegedly conflicts with a prior decision of this Court (Arkin Construction Company v. Simpkins, 99 So.2d 557) on the same point of law. Fla. Const., art. V, § 4 (F.S.A.).
An automobile operated by petitioner Betty Autrey, plaintiff below with her husband, was involved in a head-on collision with one driven by respondent's decedent, Frank E. Carroll, who was found dead at the place of the accident. His death was attributed to heart failure. The opinion of the District Court of Appeal contains the following:
"The collision occurred in Miami, on Northeast Second Avenue between Seventh and Eighth Streets. There were lanes for northbound traffic and for southbound traffic. Carroll was driving north in the northbound lane. A double yellow line divided it from the southbound traffic lane. Carroll's car swerved to the left, into the southbound lane, resulting in a head-on collision with the plaintiff's automobile.
"There was medical evidence from which the jury could find that Carroll had suffered a heart attack prior to the impact, and that the collision resulted from the sudden incapacity or death of Carroll, rather than from negligent driving. In addition thereto, opinion testimony of a traffic expert was introduced to supplement and support that reason for the accident. The latter involved hypothetical questions, based on the circumstances of the collision and the condition and position of Carroll's body in his car as observed after the collision." (227 So.2d 697, 698)
From a dissenting opinion it appears that respondent listed sixteen assumptions made in the hypothetical question put to the traffic expert and listed sixteen items as supporting testimony for the assumptions. The dissent points out that two of *476 these items were portions of the expert opinion testimony previously given by the traffic experts. A dissenting opinion may be resorted to in determining whether or not a conflict exists. Huguley v. Hall, 157 So.2d 417 (Fla. 1963).
In the Arkin case, supra, the deceased claimant was injured in the course of his employment, but completed his normal duties that day and returned to work the next day with a slight limp. The following morning, while at home, he died. In workmen's compensation proceedings the doctor testified that the fall produced pain and shock, both of which did not build up until some time after the accident. The doctor testified further that the pain and tension precipitated or "triggered" the occurrence of the fatal heart attack. The testimony of this doctor was the only evidence of a causal relation between the fall and subsequent death. An order granting compensation was quashed as this evidence was not competent. In discussing the doctor's testimony, the Court said:
"It is clear from the foregoing testimony that the witness assumed that the deceased claimant suffered pain, nervous tension and anxiety, but the record in this cause is void of any evidence to support his assumption. * * *
"It is elementary that the conclusion or opinion of an expert witness based on facts or inferences not supported by the evidence in a cause has no evidential value. It is equally well settled that the basis for a conclusion cannot be deduced or inferred from the conclusion itself. The opinion of the expert cannot constitute proof of the existence of the facts necessary to the support of the opinion.
"For the reasons above expressed we are allowed to give little, if any, value to the opinion and conclusion of the claimants' specialist." (p. 561 of 99 So.2d)
We have jurisdiction.
Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90 (1922), contains the following statement:
"The purpose of a hypothetical or supposititious question, and the only reason for its allowance, is to obtain the opinion of an expert witness as to probabilities under a given case, the facts of which recited in the question are supposed to be established. The case submitted in the question must consist of such facts only as the evidence proves or fairly tends to prove, or that accord with a reasonable theory of the effect of the evidence." (p. 93)
There must be competent, substantial evidence in the record tending to prove each of the basic facts set forth in the hypothetical question. Such basic facts do not need to be proven conclusively before a hypothetical question can be based thereon. Nationwide Mutual Insurance Co. v. Griffin, 222 So.2d 754 (Fla.App.4th, 1969) This principle distinguishes the case of LaBarbera v. Millan Builders, Inc., 191 So.2d 619 (Fla.App.1st, 1966), relied upon by respondent.
In the LaBarbera case, a home owner sought to recover from a building contractor for fire damage to the home from the alleged negligent installation of a central heating unit by the defendant builder. The plaintiff's case rested primarily on the testimony of an expert who testified that, in his opinion, a ceiling ventilation unit in the furnace room had been clogged with insulating materials so that insufficient oxygen was allowed to enter the furnace room. The plaintiff introduced substantial evidence which indicated that materials had been placed over a louver in the ceiling of the furnace room prior to the fire. The evidence was contradicted by direct evidence. Upon this, plaintiff's expert witness based his opinion that the fire started from *477 a "puffback," occurring because of a lack of air. The Court in its opinion said:
"The expert opinion of this witness was based upon physical facts found to exist at the time of his inspection of the premises and examination of the heating unit on the day following the fire, which included the clogged condition of the ceiling louver." (191 So.2d 619, 622)
In Commercial Credit Corporation v. Varn, 108 So.2d 638 (Fla.App.1st, 1959), the Court said:
"[T]he established rule of evidence is that we cannot construct a conclusion upon an inference which has been superimposed upon an initial inference supported by circumstantial evidence unless the initial inference can be elevated to the dignity of an established fact because of the presence of no reasonable inference to the contrary. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403. See also Wigmore on Evidence, Vol. 1, Sec. 41." (p. 640)
In the case sub judice, the critical question of fact was whether the deceased suffered a heart failure before the commission of any negligent act. In other words, did his heart failure occur prior to the time he crossed the "double yellow line" into the path of plaintiff's vehicle, or did it occur after the commission of some negligent act by the decedent? The opinion testimony of the traffic expert was introduced for the purpose of supporting the contention of defendant that the decedent suffered his heart attack prior to the commission of any negligent act. The opinion of the expert, under such circumstances, becomes a critical part of the defense. The hypothetical questions involved contained an assumption as to the speed of both automobiles [the speed being based upon the opinion of the expert] and also contained an assumption as to the reaction time of the drivers [also based upon the opinion of the expert]. The expert was allowed to state that in his opinion the Carroll car altered its course when it was more than the reaction distance from the point of impact. This was material in showing that the decedent could have reacted prior to the accident, if he had not suffered the heart attack prior to the swerving of his automobile.
The trial court was in error in allowing the hypothetical question to be answered, and, under the facts of this case, this error was harmful.
The plaintiffs requested an instruction on intervening cause, which was the Florida Standard Jury Instruction 5.1(c). The Committee which prepared the Florida Standard Jury Instruction commented that this instruction embraces the situation in which negligence may be a legal cause notwithstanding the influence of an intervening cause, as where the damage was a reasonably foreseeable consequence of the negligence although the other cause which intervened was not foreseeable. The Committee cites Mozer v. Semenza, 177 So.2d 880 (Fla.App.3rd, 1965). One inference which could be drawn from the facts as stated in the District Court's opinion is that the decedent Carroll committed a negligent act in crossing the double yellow line and suffered an unforeseeable heart attack after the commission of this negligent act. The requested instruction was therefore appropriate. Form 1.985, R.C.P., contains the following:
"The forms of Florida Standard Jury Instructions published by The Florida Bar pursuant to authority of the Supreme Court may be used by the trial judges of this state in charging the jury in civil actions to the extent that the forms are applicable unless the trial judge determines that an applicable form of instruction is erroneous or inadequate. In that event he shall modify the form or give such other instruction as he determines necessary to accurately and sufficiently instruct the jury in the circumstances of the action."
If the trial judge believes that the standard form is erroneous or inadequate, he should modify the form or give such other instruction *478 as he determines necessary to accurately and sufficiently instruct the jury in the circumstances of the action.
"Generally speaking, when the operator of a motor vehicle once starts a chain of events by reason of his own negligence, he may be held responsible for all mishaps which are properly the proximate result of his unlawful conduct, notwithstanding there are other intervening causes contributing to the injury. Stated otherwise, when the acts of an operator of a motor vehicle give rise to to (sic) a stream of events that culminate in an accident, such acts are the proximate cause of the accident even though an intervening cause contributes thereto." 7 Am.Jur.2d, Automobiles and Highway Traffic, § 371, p. 918.
The only charge given on causation by the trial judge reads as follows:
"Negligence is a legal cause of the injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury or damage so that it can reasonably be said that but for the negligence, the injury or damage would not have occurred."
In the absence of a proper charge on intervening cause, the charge given became misleading under the facts of the case. If an initial act of negligence on the part of Carroll set some other force in effect, such as the heart attack, then the jury could have nevertheless found for the plaintiffs.
For the reasons stated herein the opinion of the District Court of Appeal is quashed and the cause is remanded to the District Court for the purpose of further remand to the trial court with instructions to set aside the judgment for defendant and grant a new trial.
ERVIN, C.J., ROBERTS, J., and MOODY, Circuit Judge, concur.
BOYD, J., dissents.