288 So.2d 566 (1974)
The GREEN HOUSE, INC., a Florida Corporation, and the Home Indemnity Company, a Foreign Corporation, Appellants,
v.
Elmer O. THIERMANN, Appellee.
No. 73-360.
District Court of Appeal of Florida, Second District.
January 25, 1974.
*567 John P. Harllee, III, of Harrison, Johnston, Harllee & Porges, Bradenton, for appellants.
L. Floyd Price, of Mann, Fay & Price, Bradenton, for appellee.
GRIMES, Judge.
This is an appeal from a final judgment entered upon a jury verdict for plaintiff-appellee, Elmer O. Thiermann. The only point on appeal which requires our consideration is the contention that the court erred in failing to direct a verdict at the close of the evidence.
The suit resulted from a fractured elbow suffered by Mr. Thiermann when he fell in a paved parking lot owned by the defendant-appellant, The Green House, Inc., adjacent to its retail nursery store. Mr. Thiermann had purchased some items at The Green House and had walked out the side door toward his car in the parking lot when the accident occurred. The accident occurred during the daylight hours.
The plaintiff apparently tried his case upon alternative theories, because he was uncertain as to how he happened to fall. On the one hand, it was asserted that he slipped on some loose pieces of rock in the parking lot, and on the other, it was said that he tripped over a concrete divider. No one actually saw him fall.
Mr. Thiermann must have originally thought he had slipped on some rock because that's what he told one of the defendant's employees shortly following the accident, and he so indicated in answers to interrogatories. At the trial, in response to questions from his counsel concerning his fall, Mr. Thiermann stated:
"A Well, I followed through and everything went so fast and I found myself on the ground, and since that time I assumed I fell on and slipped on rock.
Q Why did you assume that?
A Because of Wednesday you told me there was a curbing there, and I was unaware there was a curbing there and on the east side there.
Q Well, did you see anything there after you fell?
A I had seen rock. I assumed I slipped on rock and also a piece of wood I seen afterwards there about two feet long and some bark or some mulch or something of that nature.
Q What is the first thing you recall after starting to fall?
A Well, automatically, I threw my left arm forward to protect my face. There I was; it went so fast. I just  I know I was stunned when I tried to come to a little bit.
Q Do you recall seeing a curbing?
A No."
On cross-examination, Mr. Thiermann said:
"Q All right. It is your testimony here this morning that on May 6, 1970, that everything happened so fast you don't remember how you fell?
A That is true.
Q And you don't know what you fell on?
A Not exactly."
While the record might support the conclusion that Mr. Thiermann fell on the loose rock, it does not demonstrate that the presence of such rock constituted negligence on the part of The Green House.
Assuming the existence of the rock on the pavement was a dangerous *568 condition,[1] there was no evidence that The Green House either (1) created the condition, (2) had knowledge of the condition and subsequently failed to remedy it, or (3) that the condition had existed for a sufficient period of time to place the employees of The Green House on constructive notice of its existence. Gross v. Hatmaker, Fla.App.2nd, 1965, 173 So.2d 158. One of the defendant's employees preceded the plaintiff out the door, but there is no showing that he ever saw any rock or that he even traversed the same path as the plaintiff.
We also conclude that the evidence cannot support a verdict upon the theory that Mr. Thiermann tripped over one of the concrete curb stops in the parking lot. There was a line of several yellow painted curb stops located parallel to and approximately nine feet from the east wall of the building. Mr. Thiermann had parked against a curb stop, the south portion of which was located partially in front of the door of the store from which he later exited. He had parked in such a manner that the curb stop extended about three feet south of his automobile. The testimony is vague as to where he fell except that he was near the front door of his automobile.
In order to prove by circumstantial evidence that Mr. Thiermann tripped on the concrete curb stop, it would be necessary first to infer that the path he took from the store traversed the curb stop, and, thereafter, to infer that he tripped on the stop. This would amount to pyramiding an inference upon an inference, which is not permitted except where the first inference can be elevated to the dignity of an established fact because it is such that there can be no contrary reasonable inference. Voelker v. Combined Ins. Co. of America, Fla. 1954, 73 So.2d 403.
As the Supreme Court stated in Nielsen v. City of Sarasota, Fla. 1960, 117 So.2d 731:
"... [I]n a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences."
While it could be reasonably inferred that Mr. Thiermann walked across the portion of curbing which extended south of his car, it could also be reasonably inferred that he walked between the curb stops. Consequently, the inference that Mr. Thiermann tripped over the curb cannot be superimposed upon the prior inference, because the prior inference was not established to the exclusion of all other reasonable inferences.
Moreover, the record does not reflect that the defendant was negligent in the erection of the concrete curb stops. There was no expert testimony suggesting that the stops were improperly positioned, and it does not follow that merely because one of the stops partially fronted the door that it was negligently located where it was nine feet away and patently visible. See Aaron v. Logro Corp., Fla.App.3rd, 1969, 226 So.2d 8.
The motion for directed verdict should have been granted and judgment entered for the defendant.
The judgment is hereby reversed.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] In view of our holding in this case, we do not have to determine whether, in all cases, the existence of loose pieces of rock on a paved public parking lot constitutes an unsafe or dangerous condition.