319 So.2d 34 (1975)
Sarah Ann ZACK and John R. Zack, As Husband of Sarah Ann Zack, Appellants,
v.
CENTRO ESPANOL HOSPITAL, INC., Appellee.
No. 74-495.
District Court of Appeal of Florida, Second District.
September 12, 1975.
Rehearing Denied October 8, 1975.
Wagner, Cunningham, Vaughan, Hapner, May & Genders, Tampa, and Podhurst, Orseck & Parks, Miami, for appellants.
Herce, Martinez & Associate, Tampa, for appellee.
HOBSON, Judge.
Appellants, plaintiffs below, received a favorable verdict against the appellee, defendant below, for negligent acts of its employees causing injury to Mrs. Zack. The final judgment appealed was entered for the defendant on its motion for judgment notwithstanding the verdict.
The specific act of negligence alleged by the plaintiffs was that the defendant's employees removed a Foley catheter with the cup inflated, thereby proximately causing injuries to Mrs. Zack. The trial court in its order granting the motion for judgment notwithstanding the verdict gave as its reason therefor the following:
"In the opinion of the Court the verdict for the plaintiff must be set aside for the simple reason that in order to reach the ultimate conclusions that the hospital, through the actions of its nurses, was negligent and that that negligence caused the condition complained of, to-wit, the fistula in the bladder, necessarily involves the pyramiding of one inference upon another in violation of the rule steadfastly adhered to in this jurisdiction and set forth in the following cases; Voelker v. Combined Insurance Company of America [Fla.], 1954, 73 So.2d 403; Nielsen v. City of Sarasota, Fla., 1960, 117 So.2d 731; and most recently discussed in The Green House, Inc., v. Thiermann, Fla.App.2d, 288 So.2d 566.

*35 "There was no direct evidence whatsoever that the nurse, Mrs. Ballard, removed the Foley catheter with the cup inflated. The nurse testified that she did in fact remove the catheter under the doctor's orders, but denied removing it with the cup inflated. The plaintiff relied upon the opinion of Dr. Santos and another doctor that the nurse, in his opinion, removed the catheter with the cup inflated. He then offered the further opinion that that action caused the fistula in the bladder which was later observed and last, that this was not a proper medical practice. The jury could not find that this series of facts had been established without violating the rule that a party may not pyramid one inference upon another, in a circumstantial evidence case, unless and until the initial or preceding inference has been established to the exclusion of all other reasonable inferences. The evidence in this case shows that the initial inference, to-wit, that the nurse removed the Foley catheter with the cup inflated, was not established to the exclusion of all other reasonable inferences, as required by the rule, and having failed to do this the second inference, to-wit, that the removal of the catheter caused the fistula, may not be indulged and the plaintiffs' case from this theory therefore must fail as a matter of law.
"Notwithstanding this, the plaintiff argues that its case was based not upon circumstantial evidence but upon `direct' evidence in the form of medical expert opinion that the nurse did indeed do the thing she denied doing, that is, remove the catheter with cup inflated. The opinions of an expert are nothing more than inferences drawn by the expert witnesses from the circumstantial evidence presented. If the jury is not permitted to pyramid inference upon inference unless the initial or preceding inference is established to the exclusion of all other reasonable inferences, then certainly the plaintiff cannot avoid application of this rule by having an expert witness or witnesses indulge in violation of this rule. The evidence in this case established that the expert witnesses indulged in pyramiding an inference upon inference when the first inference was not in any sense of the word established to the exclusion of all other reasonable inferences. The evidence in this case shows beyond question that a perfectly equal reasonable inference can be drawn from both direct and circumstantial evidence that the nurse did not in fact do what the two expert witnesses testified that she did do in their opinion and thus the second inference drawn by the expert witnesses that this act of the nurse caused the injury complained of, that is, the fistula, may not be permitted and the plaintiffs' case on this theory therefore must fail." (Emphasis added)
In LaBarbera v. Millan Builders, Inc., Fla.App.1st 1966, 191 So.2d 619, Judge Wigginton, in discussing an expert witness' response to a hypothetical question and whether or not his response is of the character of an inference which falls within the prohibition against constructing an inference upon an inference to arrive at an ultimate conclusion, stated the following:
"* * * The expert opinion of this witness was based upon physical facts found to exist at the time of his inspection of the premises and examination of the heating unit on the day following the fire, which included the clogged condition of the ceiling louver. It is true that one of the facts assumed by this witness in reaching his conclusion was that the ceiling louver was clogged and obstructed before the fire occurred, which fact appeared only as an inference from other facts in evidence. The utilization of this inferred fact in reaching his unequivocal conclusion with regard to the origin and nature of the fire does not reduce the testimony of the witness to that of an inference drawn from circumstantial evidence.

*36 "Although a conclusion expressed by an expert witness in response to a hypothetical question may, in one sense, be characterized as an inference, we do not believe it to be the character of inference which falls within the prohibition against constructing an inference upon an inference to arrive at an ultimate conclusion. To hold otherwise would render incompetent every opinion of an expert witness given in response to a hypothetical question if it were found that one of the several facts forming the basis of the question consisted of an inference drawn from circumstantial evidence. Such a result would not comport with logic, reason, or the practicalities of the judicial process. Since the fact necessary to prove that defendant's negligence was the proximate cause of plaintiffs' damages was established by positive and direct evidence, and not by an inference drawn from circumstantial evidence, we do not consider that the inference on inference rule propounded in Commercial Credit Corporation, supra, is applicable. We therefore conclude, and so hold, that the chancellor erred in rendering judgment in favor of defendant."[1]
Under the law as established in LaBarbera, supra, the two expert witnesses' opinions that the catheter was removed with the cup inflated becomes direct evidence and not an inference drawn from circumstantial evidence. When considering the expert opinions as direct evidence, the plaintiffs made a prima facie case on the issue of causation, which issue was properly submitted to the jury.
In Wale v. Barnes, Fla. 1973, 278 So.2d 601, it is stated:
"Succinctly stated, Dr. Kaplan opined that the use of forceps caused Gary's subdural hemotomas. Even though there is contrary medical evidence in the record indicating that the subdural hematomas may have been caused by trauma or a troublesome trip down the birth channel (non-negligent acts) the above-quoted testimony of Dr. Kaplan makes a prima facie case on the issue of causation. No further evidence is required on causation because Dr. Kaplan's testimony precisely and exactly attributes Gary's subdural hematomas to `the traumatic or injurious forceps delivery of this child in which the head was injured.'"
For the foregoing reasons and the law cited above, the final judgment for the defendant entered on its motion for judgment notwithstanding the verdict is reversed and the jury verdict in favor of the plaintiffs is reinstated. The trial court is directed to enter a judgment in favor of the plaintiffs based on the jury verdict.
Reversed.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] Commercial Credit Corporation v. Varn, Fla.App. 1959, 108 So.2d 638, 640.