COLERICK v. UNITED STATES.
Civ. No. 313-P.

District Court, N. D. Florida,
Pensacola Division.

June 7, 1948.

Watson & Brown, of Pensacola, Fla., for plaintiff.

George Earle Hoffman, U. S. Dist. Atty., of Pensacola, Fla., and Hayford O. Enwall, Asst. Dist. Atty., of Gainesville, Fla., for defendant.

DeVANE, District Judge.

Plaintiff brings this suit against defendant under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq, to recover damages for injuries received and expenditures made incident thereto, growing out of an accident that happened on August 27, 1947, at Pensacola, Florida.

The complaint alleges and the evidence shows that about 7:20 a. m. plaintiff was riding his small motorcycle in a southerly direction along Spring Street. There is a traffic light at the intersection of Spring Street with Cervantes Street. As plaintiff approached the intersection the traffic light turned from red to green on Spring Street and plaintiff proceeded to cross Spring Street. A motor vehicle owned by defendant and operated by one of its employees was traveling east along Cervantes Street. After plaintiff had crossed the center line of Cervantes Street several feet, the employee of defendant drove into and collided with plaintiff, wrecking the motorcycle. Plaintiff was thrown on the hood of the automobile owned by defendant and carried a distance of approximately fifty feet when he fell off the hood onto the pavement sustaining serious personal injuries. The automobile operated by defendant's agent traveled a distance of fifty-seven feet after its collision with plaintiff's motorcycle.

Defendant's employee testified that the traffic light was green on Cervantes Street at the time he entered the intersection and ran into plaintiff. There were only three witnesses to this accident—plaintiff, defendant's employee and a traffic officer stationed at the intersection of Spring Street and Cervantes Street to observe traffic at the intersection during the early morning hours of the day. The traffic officer

fully corroborated the testimony of plaintiff that the light was green for traffic on Spring Street and red for traffic on Cervantes Street at the time of the accident. The preponderance of the testimony supports plaintiff's contention that plaintiff had the right-of-way and that defendant's employee had a red light requiring him to bring defendant's automobile to a stop, which he failed to do.

▮▮▮ Counsel for defendant also seriously urges that under the "last clear chance" doctrine prevailing in Florida that plaintiff was guilty of contributory negligence which defeats his right to recover. The theory upon which this claim of negligence is advanced appears to be that conceding plaintiff had a green light it was his duty to observe the automobile driven by defendant's agent and to see to it that said automobile did not strike him, and failing to do so he should not be permitted to recover. This disregards all rules applicable to traffic lights controlling street intersections. Plaintiff had a right to assume, as he did, that defendant's agent would observe and obey the traffic light and not enter the intersection with a red light against him.

The evidence in this case clearly supports plaintiff's right to recover for damages sustained and expenses incurred in connection with this accident.

### Measure of Damages.

▮▮▮ The question of the proper amount of damages to award in this case is a difficult one. The evidence shows that plaintiff sustained multiple bruises and abrasions, especially to the right chest, right elbow, left knee and left lower leg. He sustained a fracture of the seventh and eight ribs in the axilla. Both the tibia and fibula in the lower one-third of the left leg were broken about three inches above the ankle, with severe displacement of the bones—one of which protruded approximately two inches through the skin.

Plaintiff was removed from the scene of the accident to a hospital in an ambulance and an emergency operation was performed. It was necessary to place screws in the bones of his leg to hold them together and plaintiff was hospitalized from August 27 to September 15, 1947. The protruding bone had collected considerable dirt in the accident and physician, fearing infection and tetanus, administered large quantities of penicillin. Tetanus anti-toxin was also administered. By October, 1947, infection developed at the site of the leg fracture and it was necessary for plaintiff to return to the hospital for further treatment, where he remained from October 3 to October 15, 1947. Penicillin, in large doses, was again administered to plaintiff. Recovery was slow and it was not until January or February, 1948 that the plaster case protecting plaintiff's leg was finally removed therefrom and it was not until May 1, 1948 that plaintiff was in condition to do any work.

Plaintiff has already expended $925 in hospital and doctor's bills and other incidentals connected with this accident. It will be necessary for plaintiff to undergo another operation for the removal of the screws from the bones. Plaintiff's physician estimated that the cost of the further operation, including hospital bill, would amount to at least $300. As stated above, the motorcycle was a complete loss. Its value was placed at $195. This makes a total of $1,410 in losses already sustained and to be sustained in connection with the accident.

Plaintiff owned a one-half interest in a small Photo Finishing Business. Plaintiff testified his share of the net earnings in this business amounted to more than $5,000 per annum. Plaintiff further testified that as a result of the accident he was forced by his partner to sell his interest in the business to him and that since he returned to work on May 1, 1948 he has not earned in excess of $30 per week. Plaintiff suffered a total loss of earnings because of this accident from August 27, 1947 to May 1, 1948, which he testified amounted to approximately $450 per month. The physician who treated plaintiff testified that there is a twenty-five percent disability of plaintiff in the business or trade he has followed and knows best—that is, photo developing. He testified that it would be less if plaintiff could get into some business that did not require him to stand so much.

Taking into consideration all the matters enumerated above and the pain and suffer-

ing which plaintiff has endured and will be require to endure in the future, the court assesses damages in favor of the plaintiff and against the defendant in the sum of $9,000.

The Act of Congress under which this suit is brought requires the court to determine the amount of attorney's fee to be paid plaintiff's attorneys out of the award to him. It has been necessary for the attorneys for plaintiff to prosecute this case to final conclusion and plaintiff's attorneys are entitled to receive, as compensation for their services, a sum equivalent to 20% of the recovery herein allowed.

A Final Judgment in conformity with this Memorandum Decision will be entered in this case.