78 So.2d 571 (1955)
Charles E. KERR, Appellant,
v.
Lawrence CARAWAY and Marjorie E. Caraway, his wife, Appellees.
Supreme Court of Florida. Special Division A.
March 2, 1955.
Rehearing Denied March 28, 1955.
Nichols, Gaither, Green, Frates & Beckham, Wm. Clinton Green and Sam Daniels, Miami, for appellant.
Knight, Smith & Underwood and Robert F. Underwood, Miami, for appellees.
SANDLER, Associate Justice.
This appeal arises out of an automobile intersection accident between a car driven by the appellant, Charles E. Kerr, plaintiff in the lower court, and a car driven by Marjorie E. Caraway and owned by her *572 husband, Lawrence Caraway. The collision took place in North Miami, Dade County, the Kerr car going north and the Caraway car east. There were no witnesses to the accident other than the parties, plaintiff and defendant, the others arriving after the collision took place. Kerr, as plaintiff, filed suit charging defendants with negligence and the defendants filed a counter-claim charging the plaintiff, Kerr, with negligence. The answers to the respective claims deny the negligence charge and charge contributory negligence in turn. On these issues the case went to trial before a jury and resulted in a verdict and judgment in favor of the defendants, Caraways, from which judgment plaintiff has taken this appeal.
As the case must be retried we refrain from any comment on the evidence. However, there are two assignments of error which merit our attention. One was the refusal of the trial court to permit the witness, Lieutenant Dollar, called on behalf of the plaintiff and a member of the Police Force, to testify as an expert relative too stopping distances, braking distances or skid marks. The witness had been a member of the Police Department since 1948, had attended Northwestern University Traffic School, had participated in about five thousand tests, had conducted a number of tests at the Miami Police Academy Safety Bureau, and was otherwise qualified. The objection to the testimony was sustained not because the witness was not qualified as an expert but because, in the court's opinion, such testimony would not be helpful to the jury to determine the stopping distances of the cars involved in the accident. The speed of the respective cars was material to the issues in the case and the jury was entitled to the benefit of any evidence that would be helpful in arriving at the truth. The witness was subject to examination and cross-examination for the benefit of the jury. The testimony was admissible, its weight, sufficiency and value for the jury to determine.
The plaintiff requested the following instruction:
"A person operating a vehicle along a roadway in compliance with the law has a right to assume that the person operating a vehicle upon an intersecting street will observe the rules of the road, will obey the laws governing the operation of automobiles and that such approaching driver will exercise due care to avoid an accident, and he has a right to act upon this assumption; and if such motorist has the right-of-way under the law and circumstances of the case, he has the right to assume that the approaching motorist on the intersecting street will yield the right-of-way to him, and it would not be contributory negligence on his part to act on such assumption in proceeding into the intersection, unless and until he became aware of the fact that such right-of-way would not be given, and unless he then had a clear opportunity to act in such emergency to avoid the collision after the emergency arose."
It was refused by the court and no other charge was given on the same subject matter. The plaintiff, Kerr, was traveling north on a through street while Mrs. Caraway was traveling east on a stop street. It is Mrs. Caraway's testimony that she stopped in front of a pink house in order to find an address in her purse and then proceeded on into the intersection. This house was about fifty feet west of the stop sign, the sign about thirty feet from the intersection. In response to the question, "Well, did you make any stops from the time you left the pink house until the collision occurred?" her answer was, "No; I proceeded on. I was in second gear, and I just went right on across." The failure to give this or any instruction on this feature of the case was prejudicial to the interest of the plaintiff, appellant here, as he was entitled to have the jury instructed on the rights of the relative parties under the circumstances existing at the time.
Reversed and remanded for new trial.
MATHEWS, C.J., and TERRELL and ROBERTS, JJ., concur.