98 So.2d 896 (1957)
Hiram TACKETT, Jr., as the surviving husband of Mary Ellen Tackett, and as Administrator of the Estate of Mary Ellen Tackett, deceased, Appellant,
v.
William J. HARTACK, Appellee.
No. 57-225.
District Court of Appeal of Florida. Third District.
November 29, 1957.
Rehearing Denied January 8, 1958.
H. Robert Koltnow and Leo M. Alpert, Miami, for appellant.
Blackwell, Walker & Gray, and Robert Asti, Miami, for appellee.
HORTON, Judge.
The appellant brought suit for damages in the lower court for the death of his wife, resulting from an automobile accident at a street intersection in the City of Miami, Florida. After the appellant had rested his case, the lower court directed a verdict for the appellee. This appeal is from the judgment entered on the directed verdict.
The record discloses that the appellee was the only eyewitness to the accident who testified before the court. It appears from the testimony that the appellee was proceeding north on Southwest Eighth Avenue where the same intersects with Southwest First Street; that the appellee had come to a stop on the south side of Southwest First Street and was awaiting the traffic light change from red to green. Upon the light changing to green, the appellee looked to his right and did not see any traffic in the intersection or on-coming traffic. He then proceeded to enter the intersection and had passed beyond the center of the intersection when his car was struck by an automobile driven by the deceased. The testimony of appellant's other witnesses supported the appellee's testimony in establishing the point of contact of the automobiles as beyond the *897 center of the intersection of Southwest Eighth Avenue and First Street.
We are now called upon by the appellant to reverse the directed verdict entered by the lower court. To do so would require an assumption of unproven facts that fail to appear in the record of this cause. The appellant has failed to point out any evidence of actionable negligence on the part of the appellee.
A favorable traffic signal does not of itself give a driver of an automobile the unqualified right to proceed into an intersection in the face of traffic presently in the intersection or so close thereto as to create a hazard. When proceeding into an intersection after a change in the traffic signal, a driver must exercise reasonable care to determine that no impending danger exists. "A vehicle entering a street intersection with a traffic light in his favor is under obligation to use due care and to yield the right of way to vehicles in the intersection. His right of way is subject to the rights of those already in the intersection." 5A Am. Jur., Automobiles and Highway Traffic, § 313. "One who is approaching or crossing a street or highway intersection has a right to assume, in the absence of any circumstances which would put a reasonable person on notice that such an assumption was unwarranted, that others on or near the crossing will obey any plainly visible or clearly audible traffic signs or signals." 5A Am.Jur., Automobiles and Highway Traffic, § 312.
The burden was upon the appellant to establish facts that would permit the application of the foregoing principles of law. From the record before us, we fail to find that the appellant has demonstrated any negligence on the part of the appellee. The mere fact that the two automobiles collided would not of itself raise a presumption of negligence on the part of the appellee. Under the circumstances, the lower court had no alternative than to direct a verdict as it did in favor of the appellee.
From the views expressed herein, it follows that the judgment appealed from should be and it is hereby affirmed.
CARROLL, CHAS., C.J., and PEARSON, J., concur.