113 So.2d 254 (1959)
Alphonse Marcel MELE and Helen Shaffer Mele, husband and wife, Appellants,
v.
William Honley SUMMERS and Wilson and Toomer Fertilizer Co., a corporation, Appellees.
No. 923.
District Court of Appeal of Florida. Second District.
June 10, 1959.
Rehearing Denied July 10, 1959.
*255 Ives, McIntosh & Davis, West Palm Beach, for appellants.
Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees.
MURPHREE, JOHN A.H., Associate Judge.
The automobile owned by Mr. and Mrs. Mele, and driven by Mr. Mele, collided with a truck owned by Wilson and Toomer Fertilizer Company and driven by its employee, Summers. The Meles sued the owner and driver of the truck for damages caused by the alleged negligence of Summers. Negligence was denied and the defense of contributory negligence was interposed.
At the close of the plaintiffs' case there was a motion for a directed verdict. The judge indicated his intention of granting the motion so the Meles took a non-suit.
The suit was refiled and issues were again joined on the allegations of negligence and of contributory negligence. Wilson and Toomer Fertilizer Company and Summers then filed a motion for summary final judgment supported by a transcript of the trial proceedings. The motion was granted and the cause dismissed at the cost of the Meles. Thereupon this appeal was taken.
After a careful review of the record we are of the opinion that there existed genuine issues of material fact which should not have been resolved upon the motion for summary judgment but submitted to the jury. Enes v. Baker, Fla. 1952, 58 So.2d 551; Wilson v. Bachrach, Fla. 1953, 65 So.2d 546; Anderson v. Maddox, Fla. 1953, 65 So.2d 299.
The evidence submitted at the trial and the reasonable inferences to be drawn therefrom may be summarized as follows:
Mr. Mele, operating his automobile eastwardly on Los Olas Boulevard in Fort Lauderdale at night, stopped before entering Seventh Avenue and looked for on-coming traffic. There were no stop signs or traffic signals and neither street was a through thoroughfare. Mr. Mele observed lights of the truck approaching from the right in a *256 northerly direction approximately 270 feet away. Believing that a safe crossing could be made he proceeded into the intersection ahead of the truck. The automobile was 5 feet from the east edge of Seventh Avenue and well into the east lane of travel when struck broadside by the truck.
Summers saw the automobile only an instant before the crash. According to the calculations of an expert witness the truck could have been traveling at a speed slightly in excess of 33 miles per hour at the time of the accident, whereas the speed limit in that area was 25 miles per hour.
First of all, it would appear that Summers was not keeping a proper lookout, for he did not see the Meles' automobile until an instant before the impact.
Next, it could reasonably be inferred from the evidence that the truck was exceeding the speed limit of 25 miles per hour at the time of the collision, and that Summers may not have had his truck under proper control.
And finally, although the truck would ordinarily be entitled to the right of way, as the vehicle on the right at the intersection, there may have been such a preemption thereof by the driver of the automobile as to require the driver of the truck in the exercise of ordinary care to yield the right of way.
A case quite analogous in Chaney v. Headley, Fla., 90 So.2d 297, in which a police car struck another vehicle within an intersection. Although the police car was the vehicle on the right at the crossing the Supreme Court ruled that it was error to instruct a verdict in favor of the police officer because there was an issue for the jury to decide as to whether he was negligent in the operation of his automobile. See, also, Drahota v. Taylor Const. Co., Fla. 1956, 89 So.2d 16.
Mr. Mele came very close to being guilty of contributory negligence as a matter of law, but we are unable to say without any doubt that there was not a genuine issue as to this point. Therefore, the question was for the jury and should not have been resolved upon the motion for summary judgment. Manning v. Clark, Fla. 1954, 71 So.2d 508; Williams v. City of Lake City, Fla. 1953, 62 So.2d 732.
Reversed and remanded for a new trial in line with this opinion.
KANNER, C.J., and ALLEN, J., concur.