HORTON, Judge.
This appeal is from a final judgment entered after a directed verdict in favor of the appellees.
The facts out of which this litigation arose are, briefly, that the appellant, travelling east on Blue Road, collided with a truck owned by the appellee, Railway Express Agency, Inc., and driven by appellee, Hill, which was proceeding southwest on Ponce de Leon Boulevard, in the city of Coral Gables, Florida. The intersection where this accident occurred is governed by three sets of traffic lights. The appellees were charged with careless and negligent operation of the vehicle which proximately resulted in the collision, injury and damages to the appellant. Inasmuch as the judgment in this cause is based upon a directed verdict, we are required to view the evidence in the light most favorable to the appellant. See Gravette v. Turner, 77 Fla. 311, 81 So. 476; Bruce Construction Corp. v. State Exchange Bank, Fla.1958, 102 So.2d 288.
In the first trial of this cause, the jury was unable to agree on a verdict, whereupon, the trial judge declared a mistrial. At a second trial, all of the testimony and evidentiary exhibits introduced at the first trial were, by stipulation of counsel and approval of the court, submitted as -the testimony and evidence of the appellant. The court, upon the authority of the principles announced in Tackett v. Hartack, Fla.App.1957, 98 So.2d 896, directed a verdict in favor of the appellees.
We have carefully reviewed the record of this cause, and considered the briefs and oral argument of the respective parties, and conclude, as did the able trial judge, that there was no issue of fact to be presented to a jury for determination. ' The record is barren of any testimony or evidence tending to prove, or from which it could be reasonably inferred, that the appellees were guilty of actionable negligence. Without delineating all the evidence, but indicative of the appellant’s failure to prove negligence on the part of the appellees, is the fact that the appellant, himself, admitted that the appellee’s truck had been in the intersection where the collision occurred for approximately 200 or 210 feet before the impact. Although the testimony reveals that the appellant had a green light permitting him to proceed east on Blue Road, such right to proceed was conditioned on the fact that traffic already in the intersection had cleared. The appellant’s testimony conclusively shows that when appellant first saw the appellee’s truck, it was then well into the intersection. There was no evidence of any violation of traffic regulations by appellees. We conclude, as heretofore indicated, that the appellant has failed to prove facts from which it could be reasonably inferred that the ap-pellee-driver was guilty of negligence which proximately caused the accident. We further conclude, as did the able trial judge, that the principles announced in Tackett v. Hartack, supra, are controlling, and that the directed verdict under the testimony and’ evidence in this cause was correct.
Accordingly, the judgment appealed is affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.