CARROLL, Judge.
An automobile in which the plaintiff Sylvia Via was a passenger, driven by Tillinghast, collided with an automobile owned and driven by Hlavsa, an employee of the Independent Dairy Farmers Association. Mrs. Via sued all three for damages for personal injuries. Her husband joined, seeking derivative damages. Hlavsa and the corporation moved for and obtained separate summary judgments. The plaintiffs’ appeals from the two judgments were consolidated.
In granting a summary judgment in favor of the defendant Hlavsa the trial court ruled there was no genuine issue as to any material fact. Summary judgment for the corporation as Hlavsa’s employer followed, based on that ruling.[1]
The plaintiff’s driver Tillinghast was proceeding north on Northwest 10th Avenue in Miami. The defendant Hlavsa was traveling west on 119th Street, a through street running east and west, having four lanes for travel, and a speed limit of 40 miles per hour. Northwest 10th Avenue is a stop street. Tillinghast stopped at the stop sign. He waited there until several cars which were going east on 119th Street had cleared the intersection. He then looked to the east and saw the Hlavsa car at a distance which he says was 200 feet or more from the intersection. Feeling he had time to cross safely, Tillinghast then proceeded to make a crossing without *61 again looking at the approaching Hlavsa car. The latter struck Tillinghast’s car at the right hand rear door when the forward part of the Tillinghast car had cleared the intersection.
There was a conflict in the evidence as to how far east of the intersection the Hlavsa car was when Tillinghast proceeded into the intersection. Tillinghast said it was 200 feet or more away. Hlavsa said he did not see the Tillinghast car until he was within 50 to 60 feet of the intersection, implying the Tillinghast car was not there to be seen earlier. There was an issue also as to Hlavsa’s speed. He estimated his speed to be about 37 miles per hour. Tillinghast claimed Hlavsa was exceeding the speed limit. Using Hlavsa’s figure of 37 miles per hour, and taking judicial notice, as we may, of the number of feet traveled per second[2], it is to be inferred that Hlavsa was proceeding at 54 and a fraction feet per second, which would put him only one second away from the intersection when he first saw the Tilling-hast car. Tillinghast’s speed in crossing the intersection can be set at 5 to 10 miles per hour. That was Hlavsa’s estimate, and is such as could be inferred from the fact that Tillinghast started from a stand-still and felt no need to rush. At such a speed, covering approximately 10 feet per second, it could be inferred it would take Tillinghast about four seconds to cross the four-lane wide intersection. Although a jury privileged to judge credibility of witnesses and the weight and reasonableness of the testimony might arrive at a different conclusion, the trial judge, on the motions for summary judgment, was required to accept the facts and reasonable inferences therefrom as they might favor the party moved against.[3]
In order for Hlavsa to be absolved of liability it was necessary to conclude that on the evidence Hlavsa was free of any negligence causing or combining with negligence of Tillinghast to proximately cause the collision[4]. The trial judge was in error in so concluding. Although a driver on a through street is entitled to assume that a driver approaching an intersection from a stop street will comply with the requirement to permit traffic to clear before proceeding and will cross only in a manner so as not to interfere with approaching traffic, that does not relieve the driver on the through street from having to yield to a driver who already has preempted the intersection, even though the latter may have done so wrongfully and negligently. Weber v. Porco, Fla.1958, 100 So.2d 146, 148; Mele v. Summers, Fla.App.1959, 113 So.2d 254, 256.
On the facts as presented at the hearing for summary judgment the Tilling-hast car was in the intersection and visible for approximately three seconds prior to the time it was seen by Hlavsa. Thus, on summary judgment it was necessary to infer that at the speed at which Hlavsa was proceeding he was some 200 feet away from the intersection when Tillinghast entered it. According to a number of decided cases that situation presented questions for jury determination relating to negligence and proximate causation. See Frazee v. Gillespie, 98 Fla. 582, 124 So. 6, 8; Dunn Bus *62 Service v. McKinley, 130 Fla. 778, 178 So. 865; De Salvo v. Curry, 160 Fla. 7, 33 So.2d 215; Tooley v. Margulies, Fla.1955, 79 So.2d 421; Weber v. Porco, supra, Fla.1958, 100 So.2d 146, Mason v. Remick, Fla.App.1958, 107 So.2d 38; Mele v. Summers, supra, Fla.App.1959, 113 So.2d 254.
Accordingly the summary judgments appealed from are reversed.

. That ruling did not include a determination of whether Hlavsa was acting in the scope of his employment. That question presented a triable issue. Hlavsa resided in Dade County. He was a dairy technician, who collected milk samples in Dade County and transported them at intervals to the corporation in Broward County. Between times he kept the samples at his home, refrigerated. His compensation included a car allowance. When the collision occurred Hlavsa was on his way home with such samples, after otherwise having completed his work for the day.

. See Bessett v. Hackett, Fla.1953, 66 So.2d 694, 700.

. During the period of almost a decade in ■which summary judgments have been provided for under the 1954 Florida Buies of Civil Procedure, it has become established beyond the need for citation of the numerous cases so holding that on hearing on motion for summary judgment the moving party has the burden of showing absence of a genuine issue of material fact; that any doubt as to the existence of such issue is to be resolved in favor of the party moved against; that the function of the court is to determine whether there is a genuine issue of any material fact and not to determine or try such issues; and that the party moved against is entitled to the benefit of all inferences of fact from the proofs offered which reasonably may be drawn in his favor.

. See Kokotoff v. Higman, Fla.App.1958, 101 So.2d 166.