208 So.2d 673 (1968)
Genevieve D. WAGNER, Appellant,
v.
Ruth F. WILLIS, Appellee.
No. 67-285.
District Court of Appeal of Florida. Second District.
April 5, 1968.
*674 Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for appellant.
Charles E. Miller, of Fowler, White, Collins, Gillen, Humkey & Trenam, St. Petersburg, for appellee.
HOBSON, Judge.
Plaintiff-appellant, Genevieve D. Wagner, takes this appeal from a final judgment wherein she was held guilty of contributory negligence as a matter of law in the lower court's order granting defendant-appellee's motion for summary judgment.
The facts in the case before this court are simple. Plaintiff was headed west on First Avenue North in St. Petersburg, Florida. She drove up to its intersection with 66th Street and stopped for a red light. When the light changed to green and without looking left or right, she proceeded into the intersection where she first noticed defendant's car, which had run a red light, coming in front of her. Plaintiff attempted to avoid the collision, but failed.
Since plaintiff-appellant's testimony must be taken in the light most favorable to the plaintiff in this appeal, the above stated facts must be deemed controlling. Warring v. Winn-Dixie Stores, Inc., 105 So.2d 915 (Fla.App. 1958).
Upon these facts, the lower court found that even though the plaintiff had the green light she was contributorily negligent as a matter of law in that she did not exercise reasonable care to determine that no impending danger existed.
The question of whether or not the plaintiff was guilty of contributory negligence under these facts is strictly an issue which must be determined by a jury.
The operator of a motor vehicle who proceeds in compliance with the law has a right to assume that others will obey the law and exercise due care to avoid an accident. Kerr v. Caraway, Fla. 1955, 78 So.2d 571. Thus, plaintiff had the right to assume that the defendant would stop at the stop light since plaintiff had the right-of-way. It would not be contributory negligence on the part of plaintiff to act on such assumption in proceeding into the intersection unless and until she became aware of the fact that defendant was going to run the red light and unless she then had a clear opportunity to act in such emergency so as to avoid the collision after the emergency arose. Kerr v. Caraway, supra. See also St. Germain v. Carpenter, 84 So.2d 556 (Fla. 1956); Colerick v. United States, 77 F. Supp. 953 (Fla. 1948); and Robbins v. Grace, 103 So.2d 658 (Fla.App. 1958).
The facts, considered in the light most favorable to the plaintiff, come directly within the framework of the above-stated principle of law. Plaintiff had the green light at the intersection and had a right to assume that the defendant would stop at the red light. Plaintiff was not put on notice of *675 defendant's failure to yield the right-of-way until defendant's car was immediately in front of her. This was insufficient time to have avoided the collision.
The trial judge erred in ruling that the plaintiff was guilty of contributory negligence as a matter of law.
However, a jury may find under these circumstances that the plaintiff was contributorily negligent.
For the reasons herein stated, the order of the lower court should be and hereby is reversed and the cause is remanded for jury trial.
Reversed and remanded.
LILES, C.J., and ALLEN, J., concur.