253 So.2d 263 (1971)
Ellsworth R. MacNEILL and Guardian-Union Group of Insurance Companies, a Canadian Corporation, Appellants,
v.
James D. NEAL, Appellee.
No. 70-34.
District Court of Appeal of Florida, Second District.
October 1, 1971.
Schuh, Schuh & Woodard, St. Petersburg, for appellants.
George N. Meros, St. Petersburg, for appellee.
PER CURIAM.
This is an automobile accident case. The appellant was the defendant in the Court below. The appellee was the plaintiff. At the close of all the evidence the trial judge directed a verdict in favor of the appellee/plaintiff on the issue of liability. This appeal followed.
The evidence taken in the light most favorable for the appellant establishes that this accident occurred on April 27, 1968, at the intersection of 9th Street North and 38th Avenue North in St. Petersburg, Florida, at approximately 11:00 a.m. Thirty-Eighth Avenue North runs east and west and 9th Street North runs north and south. Ninth Street North is a four-lane highway with two traffic lanes going north and two traffic lanes going south. There was a traffic control light in working order suspended over the center of the intersection at the time of the accident.
*264 On the day of the accident the appellee was proceeding in a westerly direction on 38th Avenue North approaching the intersection at approximately 25 to 30 miles per hour. The traffic control signal was green for his direction of traffic and red for north and south bound traffic on 9th Street North. As he was about to enter the intersection he looked to his left and observed a car stopped on 9th Street facing north in the lane nearest the eastern curb line waiting for the signal to change. The appellee saw no other vehicles entering the intersection from the south on 9th Street until he was in the intersection. After entering the intersection and immediately before impact he observed the appellant's vehicle entering the intersection going north on 9th Street in the lane nearest the centerline. The appellant's vehicle struck the appellee's vehicle on the left side. The collision occurred in the middle of the intersection. Two disinterested witnesses described the appellant's car as traveling fast. Based upon this evidence the Court directed a verdict on the issue of liability in favor of the appellee. The appellant appeals.
It is the contention of the appellant that the issue of whether or not the appellee is guilty of contributory negligence is a question for the jury and because of this the lower court erred in directing a verdict against him.
The appellant argues that the driver of an automobile entering an intersection on a favorable light has a duty to ascertain whether or not the intersection is free from impending traffic which would present a clear and present danger to safe passage through the intersection. The appellant contends the record directly or inferentially establishes that the appellee blindly entered the intersection without first ascertaining whether there was traffic in or so near the intersection so as to constitute an immediate hazard to the appellee. In support of this contention he relies on the cases of Garris v. Robeison (2nd DCA, Fla., 1962) 146 So.2d 388; Tackett v. Hartack (3rd DCA, Fla., 1957) 98 So.2d 896.
A motorist about to enter an intersection with the traffic signal in his favor has the right of way. Mason v. Remick (Fla.App. 1958) 107 So.2d 38. He also has a right to assume others will obey the law and exercise due care to avoid an accident, Kerr v. Caraway (Fla. 1955) 78 So.2d 571. However, even though he has a favorable light he must exercise reasonable care to determine that there is no impending traffic which would impede safe passage through the intersection. Tackett v. Hartack, supra. He has not exercised reasonable care once he knows or should have known that another motorist is going to run a red light and he has a clear opportunity to avoid the collision. Wagner v. Willis (Fla.App. 1968) 208 So.2d 673. Therefore, the issue in this case is whether or not there is any evidence, directly or inferentially, to suggest that the appellee did not exercise reasonable care in entering the intersection.
The evidence is quite clear in the instant case that the appellee entered the intersection first and from the right of the appellant; that the light was green for him at the time he entered the intersection; that the appellant entered the intersection against the light at a fast rate of speed striking the appellee's car on the left side in the center of the intersection; that the appellee was travelling at a reasonable speed well within the speed limits as he entered the intersection; that the appellee, prior to entry into the intersection, looked to his left and was only able to see one car which was stopped waiting for the signal to change, and that there was nothing to alert the appellee that the appellant was about to enter the intersection against the red light.
It would appear from this evidence that the appellee exercised reasonable care in entering the intersection and that the lower court properly directed a verdict in favor of him on the question of liability. To arrive *265 at any other conclusion would require the trial court to indulge in speculation and conjecture, accordingly the judgment of the lower Court is affirmed.
PIERCE, C.J., MANN, J., and BEACH, ROBERT E., Associate Judge, concur.