HAVERFIELD, Judge.
The appeal herein is by the defendant-appellant, Dade County Metropolitan Transit Authority and Raymond Abernathy, from a final judgment entered on a jury verdict in favor of plaintiff-appellee in an automobile negligence action.
A review of the record on appeal shows that the accident involving a Metro bus and a motorcycle occurred at the intersection of S. W. 107th Avenue and North Kendall Drive. The bus was traveling South on 107th Avenue and the appellee was headed East on Kendall. The bus was stopped at the intersection for a red light behind a dump truck. When the light turned green the bus proceeded South on 107th Avenue behind the truck which slowly moved through the intersection making a left turn on Kendall. Plaintiff testified he was traveling East on Kendall and that he slowed down for the red light but accelerated when the light turned green. The bus driver stated he never saw the motorcycle and plaintiff testified he did not see the dump truck and only saw the bus when it was entering Kendall’s left (North) lane past the median strip. A collision resulted and at trial the jury awarded $18,000 to plaintiff but the trial judge entered a re-mittitur reducing the judgment to $9,000.
Appellant-defendant contends that under Florida law the verdict is contrary to the manifest weight of the evidence regarding both negligence and contributory negligence.
From all the testimony, including that of the bus driver, the dump truck driver, and the passengers in the bus, the record shows no conflict or question that the bus entered the intersection on a green light. Plaintiff’s counsel, in closing argument, admitted that the bus entered the intersection on the green light but based his whole case on the theory that the light changed to red before the bus had cleared the intersection. Under this set of facts the law is clear that when a vehicle enters an intersection with a favorable traffic signal it has the right of way. MacNeill v. Neal, Fla.App.1971, 253 So.2d 263.
The bus was lawfully in the intersection when the traffic light changed giving the vehicles on Kendall the favorable signal. In this situation, however, a favorable light does not give the driver of a vehicle the unqualified right to proceed into an intersection in the face of traffic presently in the intersection or so close thereto as to create a hazard. The plaintiff, therefore, had a duty to exercise reasonable care to determine that traffic was clear and that no impending danger existed when he proceeded into the intersection after the change in the traffic signal. Kniskern v. Railway Express Agency, Inc., Fla.App.1959, 113 So.2d 563. Tackett v. Hartack, Fla.App.1957, 98 So.2d 896.
Thus the judgment appealed which allowed plaintiff to recover is reversed.
Reversed.