292 So.2d 34 (1974)
Quinton O. WALTERS et al., Appellants,
v.
Barry Alan McQUEEN and Carol McQueen, His Wife Appellees.
No. U-175.
District Court of Appeal of Florida, First District.
February 28, 1974.
Rehearing Denied April 18, 1974.
H.O. Pemberton, of Keen, O'Kelley & Spitz, Tallahassee, for appellants.
Keith J. Kinderman, Tallahassee, for appellees.
SPECTOR, Judge.
The only issue raised by this appeal is whether plaintiffs-appellees are entitled to a summary judgment on liability as a matter of law. The accident which gave rise to this cause of action took place at the intersection of Stuckey Street and Lake Bradford Road at 1:00 P.M., November 12, 1971. Appellant stopped his automobile at the stop sign on Stuckey Street and then "nosed up" five or six feet onto Lake Bradford Road. Appellee was driving a motorcycle south on Lake Bradford Road at approximately 20 miles per hour. Appellee had noticed appellants' car stopped at the stop sign and had assumed it would remain there until he had passed. However, appellant had not seen the motorcycle approaching before proceeding onto the road. Appellee applied his brakes immediately preceding the impact but could not stop in time to avoid the collision. The lower court found that there was no genuine issue as to any material fact relating to liability and that the sole proximate cause of the accident was the negligence of appellant in entering the intersection from a stop street and not yielding the right of way to appellee's vehicle, which was approaching the intersection, so as to constitute a hazard. The court also found there was no obstruction to appellant's view. The trial judge therefore entered a summary judgment in favor of appellee as to the issue of liability.
We agree with the trial court's holding in that it is supported by clear and undisputed testimony. The proximate cause of the accident was appellant's negligence in proceeding into the intersection in front of appellee's approaching vehicle at such a time as it was impossible for appellee to avoid the collision.
*35 Section 316.123, Florida Statutes, F.S.A., provides that:
"(2) Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line... . After having stopped, the driver shall yield the right-of-way to any vehicle ... which is approaching so closely on said highway as to constitute an immediate hazard during the time when the driver is moving across or within the intersection."
It is true that Florida courts have held that a driver on a through street should yield to a driver who has already preempted the intersection, even though he has done so wrongfully and negligently, Via v. Tillinghast, Fla.App., 153 So.2d 59; Wagner v. Willis, Fla.App., 208 So.2d 673; and MacNeill v. Neal, Fla.App., 253 So.2d 263. However, in the instant case there is no evidence that appellee could have reasonably avoided the accident.
It is a well accepted principle of law that where there is no justiciable issue of fact, the Rules of Civil Procedure authorize the disposition of the cause by summary judgment, Byrd v. Leach, Fla.App., 226 So.2d 866. Accordingly, the summary judgment reviewed herein is
Affirmed.
RAWLS, C.J., concurs.
JOHNSON, J., dissents.
JOHNSON, Judge (dissents):
I cannot agree with the majority opinion in this case for the reasons set forth in my dissenting opinion as follows:
By this interlocutory appeal, appellants seek reversal of a summary judgment as to liability in favor of appellees.
This cause of action was instituted by appellees to recover damages sustained as a result of appellee's motorcycle colliding with appellant's automobile. The facts demonstrate that at about 1:00 p.m. on November 12, 1971, one of the appellants herein drove an automobile east and stopped at a stop sign before entering a four-laned street. He looked to his left (north), saw nothing and then "nosed up" into the four-laned street approximately five or six feet. He then looked both ways again, saw nothing, then looked to the left again and saw appellee's motorcycle in the outside lane coming toward him. Appellant alleges that he then shifted into reverse to back up, but appellee's motorcycle struck the front of his automobile before he could do so. Appellee first saw appellant's car when he was approximately 200 feet away from it. He thought about going around it by either going behind it or by switching lanes and going in front of it. He did neither and collided with appellant's vehicle. There was some conflict in the testimony as to the mobility of appellant's vehicle immediately prior to the impact. As noted, appellant claims he shifted into reverse. Appellee and an eyewitness claim appellant's vehicle pulled forward again immediately before the collision.
With these facts before it, the trial court found that there was no genuine issue as to any material fact relating to liability and that the sole proximate cause of the accident was the negligence of appellant. Accordingly, the trial court granted appellees' motion for summary judgment as to liability.
Appellants contend that there are material issues of fact involved herein and that the issues of negligence and contributory negligence were ones for jury determination. I am inclined to agree.
I agree with the Section of the Statute cited in the majority opinion to wit: Section 316.123, Florida Statutes, F.S.A., but whether or not, under circumstances of *36 this case, this section of the statute was violated by the appellant became and was a jury question.
A very sacred component of our system of jurisprudence is the right to a trial by jury. Summary judgments should be sparingly granted and only in those cases where there remains no genuine issue of any material fact. If there are issues of fact and the slightest doubt remains, a summary judgment cannot be granted. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party. Williams v. City of Lake City, 62 So.2d 732 (Fla. 1953).
With these guidelines in mind, I think we should reverse the summary judgment entered below and remand for a trial on the question of liability as well as damages. We have heard oral argument of the respective parties herein and have examined the record on appeal. Upon consideration thereof, I think there are very material and genuine issues of fact that are disputed and, as noted above, all doubts as to the existence of issues of material fact must be resolved against appellee.
First, there is the issue of whether appellant was negligent in failing to see the appellee's motorcycle from the stop sign. Then there is the issue of whether appellant was stopped or was moving in the middle of the outside lane. And finally there is the issue of whether the appellee was guilty of contributory negligence by failing to do what he could to avoid a collision. As stated in Via v. Tillinghast, 153 So.2d 59, 61 (Fla.App.3rd, 1963):
"Although a driver on a through street is entitled to assume that a driver approaching an intersection from a stop street will comply with the requirement to permit traffic to clear before proceeding and will cross only in a manner so as not to interfere with approaching traffic, that does not relieve the driver on the through street from having to yield to a driver who already has preempted the intersection, even though the latter may have done so wrongfully and negligently."
Also see Wagner v. Willis, 208 So.2d 673 (Fla.App.2nd, 1968); MacNeill v. Neal, 253 So.2d 263 (Fla.App.2nd, 1971); and Miller v. Serrao, 261 So.2d 518 (Fla.App.3rd, 1972).
In conclusion, I am of the opinion that the factual situation involved herein presented questions for jury determination relating to negligence, contributory or comparative negligence and proximate causation. Accordingly, I think the summary judgment entered in favor of appellees on the issue of liability should be reversed and this cause remanded for further proceedings. Therefore, I dissent.