BARKDULL, Chief Judge.
The appellants, defendants in the trial court, seek review of an order of the trial court granting plaintiffs motion for summary judgment in a negligence action.
The instant action arose from a motor vehicle accident which occurred on U.S. 441 in Hollywood, Florida. At the point of the accident, U.S. 441 had three southbound lanes, the centermost southbound lane being a left-turn lane. There are three northbound lanes, with the extreme outside one being a right-turn lane. The north and southbound lanes are separated by a double yellow line painted on the roadway. To the east of the roadway is a shopping complex, including therein a Treasury store, a post office, and a gasoline station. There are driveway entrances into those establishments located to the east of the outside northbound lane.
On the day in question, one Murphins [who was the driver of the vehicle owned by the appellant, Proctor & Gamble, but who is not a party herein] was driving south in the left-turn lane on U.S. 441; he stopped to make a left turn into the Treasury store. There was considerable traffic in the two inside northbound lanes, which was stopped. A panel truck in the middle northbound lane blocked his view of traffic proceeding north on the eastern northbound lane. The driver in the centermost northbound lane was stopped and waved Murphins on and he executed his turn. Upon crossing the two centermost northbound lanes and entering the right-turn lane, he was struck by the appellee’s vehi- *522 ele. As a result of this-accident, the plaintiff brought the instant' suit. Issue was joined and extensive discovery was completed. Thereupon, the appellee moved for a summary judgment as to liability. After hearing on the motion, the trial court entered the order appealed.
We affirm. See: Cash v. Gates, Fla.App.1963, 151 So.2d 838; Tranter v. Wible, Fla.App.1966, 191 So.2d 595; MacNeill v. Neal, Fla.App.1971, 253 So.2d 263; Walters v. McQueen, Fla.App.1974, 292 So.2d 34. This affirmance is not to be construed as passing any judgment on the negligence, if any, on the part of the plaintiff. The defendant’s answers were not a part of the record in this case and, therefore, we are unable to determine if an issue of comparative negligence was properly presented in the trial court. If it was, then the negligence, if any, of the plaintiff remains to be considered in making any ultimate award. Hoffman v. Jones, Fla.1973, 280 So.2d 431.
This opinion is to be construed only as affirming the trial court’s holding that the defendant was negligent.
Affirmed.