BOARDMAN, Acting Chief Judge.
Appellants/defendants timely appeal a judgment rendered after a jury verdict in favor of appellees/plaintiffs in a personal injury action arising from a motor vehicle collision.
The accident occurred at the intersection of DeSoto Road and Lockwood Ridge Road in Sarasota, Florida. DeSoto Road runs east and west, and Lockwood Ridge Road runs north and south; both are two-lane, paved streets. The speed limit on Lock *1209 wood was 35 miles per hour at the time of the accident. A control signal suspended over the center of the intersection was flashing a red light to east-west traffic and flashing a yellow light to north-south traffic. There was a stop sign for eastbound traffic on DeSoto about 25 to 30 feet west of Lockwood. Vision at the southwest corner of the intersection was obstructed by trees, bushes and poles so that a motorist at the stop sign could see only 50 to 70 feet to the south on Lockwood. A northbound driver could not see a motorist stopped at the sign.
Appellee Frances Pepe Bilello, a student driver, was driving a duaí-control automobile east on DeSoto accompanied by her instructor, appellee Harold S. Luther. She stopped at the stop sign and then moved the automobile forward stopping at the edge of Lockwood. Appellee Frances Pepe Bilello did not see any northbound or southbound traffic on Lockwood, but did testify that her view was impeded. She was crossing the intersection at 5 to 10 miles per hour when she saw appellant Billy Ray Drake’s semitrailer-truck “a split-second” before the collision. Appellant Drake was proceeding north on Lockwood and approached the intersection at 25 to 30 miles per hour. Appellant Drake testified that he first saw the automobile when it was in the intersection about 5 to 10 feet away from his truck. He testified that he swerved to his left attempting to avoid the vehicle. The left front of the truck collided with the right side of the automobile. The point of impact was in the southbound lane one and one half feet west of the center line on Lockwood.
At the request of counsel for appellees, the trial court instructed the jury in the language of the opinion in Via v. Tillinghast, Fla.App.3d 1963, 153 So.2d 59, as follows:
[You are instructed that] although a driver on a through street is entitled to assume that a driver approaching an intersection from a stop street will comply with the requirement to permit traffic to clear before proceeding and will cross only in a manner so as not to interfere with [the] approaching traffic, that does not relieve the driver on the through street from having to yield to a driver who already has [entered] the intersection, even though the latter may have done so wrongfully and negligently.
We hold that it was reversible error to grant this instruction.
Obviously, a driver approaching an intersection from a stop street is entitled to proceed across the intersection after making his stop providing there are no vehicles approaching on the through street close enough to constitute an immediate hazard. Fla.Stat. § 316.123. However, the literal effect of the instruction given was to provide that a driver with the right of way automatically loses it to another who wrongfully enters the intersection immediately ahead of him. The true rule is that even though another has violated his right of way, the favored driver must still take such reasonable steps as are available to him to avoid the collision. Wagner v. Willis, Fla.App.2d 1968, 208 So.2d 673.
REVERSED and REMANDED for a new trial as to liability and damages.
GRIMES and SCHEB, JJ., concur.