SCHWARTZ, Judge.
The minor plaintiff was a pedestrian struck by an automobile driven by the defendant Rosenblatt. We reverse the summary judgment entered below for the defendants because the movants did not conclusively establish either the non-existence of any genuine issue concerning the driver’s negligence and legal cause, or that the plaintiff’s conduct was the sole proximate cause of the accident. Proctor & Gamble Distributing Co. v. McGlamery, 341 So.2d 521 (Fla. 3d DCA 1976); Cunningham v. Romano, 278 So.2d 631 (Fla. 3d DCA 1973), cert. denied, 285 So.2d 19 (Fla.1973); Basden v. Lowery, 182 So.2d 265 (Fla. 3d DCA 1966). Since the case is governed by the principle of comparative negligence, our determination to this effect requires that the issue of the defendants’ liability be submitted to a jury. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla.1977); Petroleum Carrier Corp. v. Gates, 330 So.2d 751 (Fla.1st DCA 1976).
Reversed and remanded.