BERANEK, Judge.
Plaintiff here appeals from a final judgment entered on defendants’ motion for directed verdict which was granted at the close of plaintiff’s case. Plaintiff had sued defendant for injuries sustained in a two car collision. We reverse.
Defendant was driving east on Broward Boulevard toward the intersection of Federal Highway in Fort Lauderdale. As she approached the intersection, the light was green in her direction. Before she had crossed Federal an ambulance approached heading south on Federal. Defendant stopped in the intersection until the ambulance passed. During this time, the light changed and was now green for the traffic on Federal. Defendant had to cross the three northbound lanes on the east side of Federal to clear the intersection. Traffic was backed up in the first two lanes; the lane furthest east was clear. In the nearest lane was a large van, in the next lane a passenger car. At trial a witness in the passenger car testified that the driver of the van motioned for defendant to proceed through the intersection.
At this same time, plaintiff was approaching the intersection going north on Federal in the clear easternmost lane. He saw the green light in his direction and entered the intersection hitting defendant as she crossed Federal.
Plaintiff sued defendant maintaining defendant negligently caused the accident.
*603 At the end of plaintiffs case, defendant’s motion for directed verdict was granted and final judgment for defendant was entered. The court found no evidence of negligence and concluded the case was nearly identical to Dade County Metropolitan Transit Authority v. Even, 262 So.2d 685 (Fla.3d DCA 1972).
In Metropolitan Transit, a bus was stopped at a red light behind a dump truck. The dump truck proceeded slowly through the intersection making a left turn. The light changed while the bus was in the intersection and a motorcycle hit the bus as it went through the intersection on the intersecting road facing a green light. A jury returned a verdict for plaintiff motorcycle driver but the Third District reversed stating as follows:
. Under this set of facts the law is clear that when a vehicle enters an intersection with a favorable traffic signal it has the right of way. MacNeill v. Neal, Fla.App.1971, 253 So.2d 263.
The bus was lawfully in the intersection when the traffic light changed giving the vehicles on Kendall the favorable signal. In this situation, however, a favorable light does not give the driver of a vehicle the unqualified right to proceed into an intersection in the face of traffic presently in the intersection or so close thereto as to create a hazard. The plaintiff, therefore, had a duty to exercise reasonable care to determine that traffic was clear and that no impending danger existed when he proceeded into the intersection after the change in the traffic signal. Kniskern v. Railway Express Agency, Inc., Fla.App.1959, 113 So.2d 563. Tackett v. Hartack, Fla.App.1957, 98 So.2d 896.
This case differs from Metropolitan Transit because here plaintiff stopped in the middle of the intersection. An issue of fact was presented as to whether stopping in the middle of this busy intersection and then proceeding on the visual signals of other drivers constituted negligence. Further, Section 316.126(1), Florida Statutes (1979), requires drivers to yield to emergency vehi-
cles and stop clear of any intersection. An issue was thus presented as to whether plaintiff was lawfully in the intersection and whether she negligently exited from the intersection.
In MacNeill v. Neal, 253 So.2d 263 (Fla.2d DCA 1971), cert, denied 259 So.2d 719 (Fla. 1972), the trial court entered a directed verdict as to liability for appellee plaintiff who entered an intersection on a green light. The Second District affirmed citing similar principles of law to those in Metropolitan Transit as follows:
A motorist about to enter an intersection with the traffic signal in his favor has the right of way. Mason v. Remick (Fla.App.1958) 107 So.2d 38. He also has a right to assume others will obey the law and exercise due care to avoid an accident, Kerr v. Caraway (Fla.1955) 78 So.2d 571. However, even though he has a favorable light he must exercise reasonable care to determine that there is no impending traffic which would impede safe passage through the intersection. Tackett v. Hartack, supra. He has not exercised reasonable care once he knows or should have known that another motorist is going to run a red light and he has a clear opportunity to avoid the collision. Wagner v. Willis (Fla.App.1968) 208 So.2d 673. Therefore, the issue in this case is whether or not there is any evidence, directly or inferentially, to suggest that the appellee did not exercise reasonable care in entering the intersection.
The issue presented here is similar to that stated in MacNeill. However, given the inferences which should go with the non-moving party on a motion for directed verdict, the issue was whether there was evidence from which a jury could have concluded defendant did not use reasonable care in crossing the intersection. As stated in Allen v. Florida Power Corporation, 253 So.2d 401 (Fla.1971):
Only where the record is devoid of any evidence from which a jury of reasonable *604 men could find liability may a judgment based on a directed verdict stand.
We conclude there was such evidence.
Metropolitan Transit and MacNeill were decided at a time when the doctrine of contributory negligence applied. Thus, any fault by plaintiff in proceeding through an intersection even on a green light, might defeat recovery. With the advent of comparative negligence, any lack of due care on plaintiff’s part would not necessarily bar recovery. Plaintiff and defendant here may both have been negligent, yet the action remained a proper one for jury determination.
The judgment is, therefore, reversed as is the cost judgment entered in defendant’s favor. The cause is remanded for a new trial.
REVERSED AND REMANDED.
MOORE, J., and KAPNER, LEWIS, Associate Judge, concur.