PER CURIAM.
The Beltrans appeal from a final judgment following a jury trial which found no negligence on the part of Waste Management, Inc. of Florida and its driver, Bobby Johnson. We reverse.
The trial court erred when it granted, over plaintiff’s objection, a defense-requested instruction dealing, in essence, with “last clear chance”,[1] which was approved by our Supreme Court in Kerr v. Caraway, 78 So.2d 571 (Fla.1955). Since Kerr was decided, Florida has become a comparative negligence state. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). To the extent that the instruction approved in Kerr has any efficacy, it is not applicable in a comparative negligence setting. Whitman v. Red Top Sedan Service, Inc., 218 So.2d 213 (Fla. 3d DCA 1969); see also Fla.Std.Jury Instr. (Civ.) 4.7; cf. Florida East Coast Railway Co. v. McKinney, 227 So.2d 99 (Fla. 1st DCA 1969).
For the foregoing reasons, the judgment of the circuit court is reversed and this cause remanded for a new trial.

. The charge given by the court is as follows: If a motorist has the right of way, that motorist has the right to assume that another approaching motorist will yield the right of way. And it will not be contributory negligence to act on such an assumption on proceeding into the intersection, unless such motorist became aware of the fact that the right of way would not be given and unless he or she then had a clear opportunity to avoid the collision.