SHARP, Judge.
Weeks appeals from a final judgment after a jury trial in which the jury found no negligence or liability on the part of Ran-son, the defendant below. Weeks argues that an instruction given by the court based on sections 316.122 and 316.075(l)(b), Florida Statutes (1981), was contradictory and confusing. She also argues that the court erred in not giving an instruction based on Dade County Metropolitan Transit Authority v. Even, 262 So.2d 685 (Fla. 3d DCA 1972). We affirm the final judgment because we find no error in the court’s instructions.
The testimony at trial given by Weeks was that she had stopped at the intersection of State Road 436 and University Boulevard in Winter Park, Florida, heading south on 436. It is a divided four-lane highway which is heavily travelled. At that intersection there are left-turn lanes for both pairs of lanes, and a complex traffic light control system. A traffic engineer testified that if cars are in the south-bound left-turn lane when the light is red, as Weeks testified she was, the left-turn green arrow will stay on seven seconds, followed by three seconds of yellow before the lights for the north-bound lane will turn to green.
Weeks testified she began her turn with the green arrow, pulled out to the left-turn lane for the north-bound lanes, but was forced to stop because a north-bound white station wagon almost hit her. She continued her turn, but stopped again just before the defendant, who was following the white station wagon, hit her. She testified she saw Ranson, but thought Ranson saw her and would stop.
Ranson testified she and the white station wagon had the green light. She saw Weeks creeping out in front of them. The station wagon swerved to miss her. Ranson thought Weeks had stopped, but just as her car entered the intersection, Weeks moved out in front of her.
The instructions, based on the statutes, appear to be a fair statement of the *724 law.[1] Section 316.122, Florida Statutes (1981), provides:
The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard.
Section 316.075(l)(b), Florida Statutes (1981), provides:
Vehicular traffic facing a green arrow signal, shown alone or in combination with another indication, as directed by the manual, may cautiously enter the intersection only to make the movement indicated by such arrow, or such other movement as is permitted by other indications shown at the same time. Such vehicular traffic shall yield the right-of-way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection.
The testimony at trial established that Weeks was hit while trying to complete her turn against a green light for on-coming traffic. She testified she began her turn with the green arrow, but pulled beyond it so she could not see it when the accident happened. Ranson testified her light was green. Therefore, under these facts, the two statutes are the same. A vehicle turning left shall yield to on-coming traffic close enough to constitute a hazard (section 316.122) and it shall yield to oncoming traffic entering with the green light (section 316.075(l)(b)) even if the turn was begun with a green arrow.
At best, left-turning vehicles moving with a green arrow must exercise caution and good judgment § 316.075(l)(b), Fla. Stat. (1981). Green arrows are no insurers of a turning vehicle’s safety. A driver cannot pull out into the path of an on-coming car when he or she could have avoided the accident by not making the turn. Homburg v. Knipmeyer, 388 So.2d 602 (Fla. 4th DCA 1980); U. S. Fire Insurance Company v. Progressive Casualty Insurance Co., 362 So.2d 414 (Fla. 2d DCA 1978). In any event, there was no evidence Weeks had a green arrow and Ranson a red light at the time of the accident.[2]
Weeks argues the court should have instructed the jury that:
When a vehicle enters an intersection with a favorable traffic signal, it has the right of way even if the signal subsequently changes before the vehicle leaves the intersection.
This instruction is based on Dade County Metropolitan Transit Authority v. Even, 262 So.2d 685 (Fla. 3d DCA 1972), which we believe is distinguishable from this case. In Dade County, a bus had pulled into the middle of an intersection and was stranded there when the light changed. A vehicle pulled into the intersection, hitting the bus before it had a chance to move forward or backwards. However, in this case, Weeks created her own peril. She failed to complete her turn with the green arrow, and after having lost it, she pulled forward in the face of on-coming traffic. Weeks could have remained in the safety of the left-turn lanes. Had she been hit there, the Dade County instruction might have been appropriate. However, she testified she pulled out, expecting the on-coming traffic to stop for her.
It defies common sense to argue that, because a driver begins a left turn with a green arrow, he has the right thereafter to force his way across two or three lanes of traffic. Such a rule of law would put “right” on the side of the movers and pushers rather than the stoppers and lookers, and it would make driving through crowded intersections more hazardous than it is now.
The judgment below is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and CO-WART, JJ., concur.

. Crosby v. Stubblebine, 142 So.2d 358 (Fla. 2d DCA 1962).

. See Sirmons v. Pittman, 138 So.2d 765 (Fla. 1st DCA 1962).