KLEIN, Judge.
We withdraw our previously issued opinion and substitute the following in its place.
Although the defendant in this accident case either failed to stop at a stop sign, or stopped and pulled out into oncoming traffic, the jury found that he was not negligent. We conclude that the trial court should have directed a verdict on the issue of defendant’s liability and reverse.
Plaintiff testified that he was driving west on Washington Street in Hollywood, and, as he neared the intersection of 48th Avenue, he saw a car approach the stop sign governing 48th Avenue traffic. According to plaintiff, the defendant, who was the driver of that car, ran the stop sign, causing plaintiffs car to strike the left rear of defendant’s car. Plaintiff claimed that he was driving within the speed limit and that he had no time to avoid the collision. Defendant’s version of the accident differed from that of the plaintiff in that defendant testified he had stopped at the intersection before pulling out. He could not say how far away the plaintiff was when he first saw him. There was no other evidence as to the negligence of either party.
We conclude that the trial court should have granted plaintiffs motion for directed verdict on the issue of defendant’s liability. In Walters v. McQueen, 292 So.2d 34 (Fla. *425 1st DCA 1974) the defendant stopped at a stop sign and then “nosed up” five or six feet, resulting in a collision with a motorcycle on the through street. The trial court entered a summary judgment in favor of plaintiff on liability, and the first district affirmed, finding as a matter of law that the proximate cause of the accident was defendant’s negligence in proceeding into the intersection in such a manner that made it impossible for plaintiff to avoid the collision.
In the present case plaintiff did not seek a directed verdict on the entire issue of liability, but rather only on the issue of whether the defendant was negligent. We agree that his motion should have been granted, because there was no way that this accident could have occurred without defendant having been negligent. See also MacNeill v. Neal, 253 So.2d 263 (Fla. 2d DCA 1971) cert. denied, 259 So.2d 719 (Fla.1972) (affirming a directed verdict for plaintiff who was struck in the middle of an intersection where defendant had a red light).
The trial court also erred in giving the following non-standard jury instruction over plaintiffs objection:
Every person who operates a motor vehicle has a duty to use reasonable care in its operation. Reasonable care is that degree of care which a reasonably careful person would use under the same circumstances, and includes:
(1) The responsibility of having the vehicle under control at all times as appropriate to the locale and circumstances; and
(2) The responsibility of maintaining a sharp and attentive lookout so as to be prepared to react reasonably and with caution to an emergency.
The court erred in giving this non-standard instruction because it could have improperly emphasized the duties of the driver on the through street in the minds of the jurors. We note that the committee comment to Florida Standard Jury Instruction (Civil) 4.13, provides in part:
Negligence is properly and completely defined as the failure to use that degree of care which a reasonably careful person would use under like circumstances. The committee therefore recommends that no charge be given on the following subjects:
a. Duty to keep lookout.
We reverse and remand for a new trial, which will be limited to plaintiffs comparative negligence, if any, and damages.
WARNER, J., and HAZOURI, FREDERICK A., Associate Judge, concur.